THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ABRAHAM BRAUNSTEIN, Appellant.

Crimes — constitutional law — section 601 of Education Law providing for continuation schools and requiring attendance of minors between fourteen and eighteen years old, who do not attend full-time day school or who are at work, valid — judgment convicting defendant of violation thereof for failing to cause his son to attend such a school, affirmed.

Section 601 of the Education Law (Cons. Laws, ch. 16) providing for continuation schools in each city or school district where there are two hundred or more minors between fourteen and eighteen years of age " who are not in regular attendance upon full-time day school instruction ", and requiring attendance at such school, at least four hours a week, of such of them as have not completed a secondary four-year course of instruction, are not attending full-time day school or are at work, is valid, and a judgment convicting defendant of a violation of that statute in having failed to cause his son, who came within the provisions of the statute, to attend such a school must be affirmed. Classification between minors living in districts where such schools must be, and those living in districts where they need not be established, is reasonable, the distinction made by the Legislature between day and night schools is justified, and treated as a labor law rather than as one affecting education solely, it is not discriminatory.

*People* v. *Braunstein*, 223 App. Div. 792, affirmed.

(Argued May 7, 1928; decided May 29, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 30, 1928, which affirmed a judgment of a Magistrate's Court of the city of New York convicting the defendant of a violation of section 601 of the Education Law.

*Jay Leo Rothschild* and *Louis Rivkin* for appellant. The statute violates the Fourteenth Amendment of the Federal Constitution and section 6 of article 1 of the State Constitution, in that it deprives the defendant and the minor of the equal protection of the laws. (*Coppage* v. *Kansas*, 236 U. S. 1; *Holden* v. *Hardy*, 169 U. S. 366; *Dobbins* v. *Los Angeles*, 195 U. S. 223; *Lawton* v. *Steele*, 152 U. S. 133; *McLean* v. *Arkansas*, 211 U. S. 539; *Pierce* v. *Society of Sisters of Holy Name*, 268 U. S. 510; *Meyer* v. *Nebraska*, 262 U. S. 390; *Matter of Jacobs*, 98 N. Y. 98; *Live Stock Assn.* v. *Crescent City*, 1 Abb. [U. S.] 388.) The statute violates section 6 of article 1 of the State Constitution on the ground that it is discriminatory and unequal in its operation, and based upon no justifiable principle of classification. (*N. Y. Sanitary Utilization Co.* v. *Dept. of Health*, 61 App. Div. 106; *State* v. *Hann*, 61 Kans. 146; *State ex rel. Johnson* v. *Chicago R. R. Co.*, 195 Mo. 228; *People ex rel. Wineburg* v. *Murphy*, 195 N. Y. 126; *People ex rel. Duryea* v. *Wilbur*, 198 N. Y. 1; *Gulf Colorado & Santa Fe R. R. Co.* v. *Ellis*, 165 U. S. 150; *Cotting* v. *Goddard*, 183 U. S. 79; *Matter of Pell*, 171 N. Y. 48; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8; *Bogni* v. *Perotti*, 224 Mass. 152.)

*Charles J. Dodd, District Attorney* (*Henry J. Walsh* of counsel), for respondent. The enactment of section 601 of the Education Law was a valid exercise by the Legislature of its police power. The statute contravenes neither the Constitution of the United States nor the Constitution of the State. (*House* v. *Mayes*, 219 U. S.

270; *Barbier* v. *Connolly,* 113 U. S. 27; *Lemieux* v. *Young,* 211 U. S. 489; *Keller* v. *United States,* 213 U. S. 138; *Jacobson* v. *Massachusetts,* 197 U. S. 11; *Tanner* v. *Little,* 240 U. S. 369; *Ives* v. *South Buffalo Railway Co.,* 201 N. Y. 271; *Matter of Davies,* 168 N. Y. 89; *People* v. *Ewer,* 141 N. Y. 129.) The statute is not discriminatory or unequal in its operations. (*People ex rel. Armstrong* v. *Warden,* 183 N. Y. 223; *People* v. *Klinck Packing Co.,* 214 N. Y. 121; *People ex rel. Hoelderlin* v. *Kane,* 97 Misc. Rep. 140; 161 App. Div. 956.)

ANDREWS, J. The defendant has been convicted of the violation of section 601 of the Education Law (Cons. Laws, ch. 16) in that his son failed to attend a continuation school in New York city. To the boy the statute works peculiar hardship. He is over 16 years of age, of good character, energetic and ambitious. He successfully graduated from a public school, entered a high school and remained there for six months. Then, because of his father's financial losses, he was obliged to begin work. He soon decided to become a lawyer and entered the office of Mr. Rothschild, as a messenger. For a time he attended a continuation school, but he was promoted. He became a file clerk and answered the calendar calls in various courts. Meanwhile, to obtain the 72 Regents counts, required before he could begin the study of the law, he attended a night high school and later a night preparatory school. Finally Mr. Rothschild informed him that his absence at the continuation school during office hours was so serious a handicap that he would be obliged to discharge him. Thereupon the boy, to save his position, ceased to attend and this proceeding followed.

The general policy of the State as to the education of minors and the conditions under which they shall be allowed to work, if reasonable and impartial, is not to be lightly interfered with, even to correct what may seem

restrictions not needed in individual cases. Statutes, general in their terms, deal and must deal with the needs of the great majority. They do not and cannot take care of all exceptional instances.

This section of the Education Law provides for continuation schools in each city or school district where there are 200 or more minors between 14 and 18 years of age " who are not in regular attendance upon full-time day school instruction." There such schools must be established. Elsewhere they may be. These schools are to be held in the day time. Every minor under 18 (now 17) who has not completed a secondary four-year course of instruction and who is not " in full-time day attendance " at school or who is at work, must attend such school at least four hours a week. There is classification here between minors living in districts where such schools are not and need not be established, and those who do not. Obviously such a classification is reasonable. The Legislature did not wish to burden districts containing few of the minors described with the expense of such schools. The advantage to be gained would be slight in comparison with the cost. Too, in such districts, largely rural, there is less danger that children before their education is completed will be compelled to work.

The chief complaint, however, is that the exception applies only to cases of day time school attendance. Night schools have been created. They are recognized and regulated by the Department. Why then should not a boy who attends them be excused from the continuation school?

There is a reason for the distinction. That children, at work all day, should also be compelled to study at night is an evil in itself. Probably, under present conditions it is an evil that may not be wholly corrected. So far as possible it should be minimized. Day school attendance should be encouraged. Many employers may

co-operate in carrying out the policy of the Department. Others might not. They might insist that their employees attend night schools to avoid the interruption, thus making such attendance in effect compulsory. Once we had a law requiring children working in the day time to attend evening school. The experiment was abandoned. It was found that their health was injured out of all proportion to the value of the education they received. The requirement as to girls also involved moral hazard. That should not be done indirectly which was found unwise when done directly. In truth the evening schools are intended primarily for those who have reached maturity. And even four hours a week in a continuation school is not a mere waste of time. They do not confine themselves to vocational training. Optional courses may be taken leading to general education. For these reasons we think the distinction made by the Legislature between day and night schools is justified.

All minors in districts where continuation schools exist are treated alike. And treated as a labor law rather than as one affecting education solely, it is not discriminatory. It separates those who have completed a four-year secondary course from those who have not. It seeks to induce all to do so. If they will not or cannot it makes their right to work subject to the necessity of acquiring some further day-time instruction. The Legislature might forbid all minors under 18 to engage in regular work during the hours of the school day. It might require them to spend those hours in study. It may do less.

The judgment appealed from should be affirmed.

Cardozo, Ch. J., Pound, Crane and O'Brien, JJ., concur; Lehman and Kellogg, JJ., not sitting.

Judgment affirmed.