PHŒNIX INDEMNITY COMPANY, Respondent, *v.* THE STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY, Appellant.

128

(Argued April 30, 1929; decided May 28, 1929.)

*Frederick H. Wood* for appellant. That portion of section 29 of the Workmen's Compensation Act which gives to an employer or insurance carrier a cause of action against a third party who has wrongfully caused the death of an employee is in.contravention of the due

process clause of the State and Federal Constitutions. (*Exchange M. I. Ins. Co.* v. *C. H. Gas & Elec. Co.,* 243 N. Y. 75; *Matter of Brennan,* 160 App. Div. 401; *Wagner* v. *Clausen,* 146 App. Div. 70; *Wethers* v. *N. Y. Central R. R. Co.,* 120 Misc. Rep. 830; *Insurance Co.* v. *Brame,* 95 U. S. 754; *Interstate T. & T. Co.* v. *P. S. E. Co.,* 90 Atl. Rep. 1062; *Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271.) The provision is also unconstitutional in that it denies appellant the equal protection of the law. (*Quaker City Cab Co.* v. *Commonwealth,* 277 U. S. 389; *Gulf, Colorado & Santa Fe Railway Co.* v. *Ellis,* 165 U. S. 150; *Cotting* v. *Kansas City Stock Yards Co.,* 183 U. S. 79; *Atchinson, Topeka & Santa Fe Ry. Co.* v. *Vosburgh,* 238 U. S. 56; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Barbier* v. *Connolly,* 113 U. S. 27; *Matter of City of Rochester* v. *Holden,* 224 N. Y. 386; *People* v. *Beakes Dairy Co.,* 222 N. Y. 416; *Barns* v. *Dairymen's League Co-operative Association, Inc.,* 220 App. Div. 624.)

*Jeremiah F. Connor* for respondent. The portion of section 29 of the Workmen's Compensation Law, under which the plaintiff has recovered the judgment herein against the defendant, does not contravene the due process clauses of the State and Federal Constitutions. (*Matter of McNamara* v. *New York State Railways,* 233 N. Y. 681; *New York State Railways* v. *Schuler,* 265 U. S. 379; *Travelers Insurance Co.* v. *Padula Co.,* 224 N. Y. 397; *Matter of Zirpola* v. *Casselman, Inc.,* 237 N. Y. 367; *Travelers Ins. Co.* v. *Post & McCord,* 128 Misc. Rep. 626; *Rhodes* v. *Sperry & Hutchinson Co.,* 193 N. Y. 223; *Matter of Jensen* v. *Southern Pacific Co.,* 215 N. Y. 514; *Noble State Bank* v. *Haskell,* 219 U. S. 104.) The provision of section 29 is not unconstitutional because of any denial of the equal protection of the law. (*People* v. *Braunstein,* 248 N. Y. 308; *Jeffrey Manufacturing Co.* v. *Blagg,* 235 U. S. 571.)

■

HUBBS, J. In 1927 Joseph Perroth was an employee of one Anderson, who had insured himself with the plaintiff insurance company against liability in compliance with the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67, as amended). Perroth, while acting within the scope of his employment, was killed through the negligence of the defendant, without any negligence on his part. He left him surviving a dependent, his widow. The administratrix of Perroth commenced an action against the defendant to recover damages because of the negligence of the defendant in causing Perroth's death. That action was settled by the defendant paying to the administratrix the sum of fifteen thousand dollars and receiving a general release. The amount paid by the defendant was in excess of the amount which said dependent widow, Perroth, would have been entitled to receive as compensation under the provisions of the Workmen's Compensation Law.

Thereafter, and prior to the commencement of this action, two awards of five hundred dollars each were made in favor of the State Treasurer against Anderson and the plaintiff, his insurer, jointly, under subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law. The awards were paid to the State Treasurer by the insurer, the plaintiff herein.

This action is brought pursuant to section 29 of the Workmen's Compensation Law, as amended by chapter 615 of the Laws of 1922, to recover from the defendant the sum so paid by the plaintiff to the State Treasurer. In an agreed statement of facts two questions were submitted to the Appellate Division for decision:

*First.* Was the State Treasurer entitled to the awards made in his favor and paid by the plaintiff?

*Second.* If the first question is answered in the affirmative, is the plaintiff entitled to recover the amount of said awards from the defendant by reason of section 29 of the Workmen's Compensation Law?

The Appellate Division answered both questions in the affirmative and judgment was entered in favor of the plaintiff.

At the time of said employee's death, the sections of the Workmen's Compensation Law in question read as follows:

" § 15. Schedule in case of disability. The following schedule of compensation is hereby established: * * *

" 8. Permanent total disability after permanent partial disability. If an employee who has previously incurred permanent partial disability through the loss of one hand, one arm, one foot, one leg, or one eye, incurs permanent total disability through the loss of another member or organ, he shall be paid, in addition to the compensation for permanent partial disability provided in this section and after the cessation of the payments for the prescribed period of weeks special additional compensation for the remainder of his life to the amount of sixty-six and two-thirds per centum of the average weekly wage earned by him at the time the total permanent disability was incurred. Such additional compensation shall be paid out of a special fund created for such purpose in the following manner: The insurance carrier shall pay to the state treasurer for every case of injury causing death in which there are no persons entitled to compensation the sum of five hundred dollars. The state treasurer shall be the custodian of this special fund, and the commissioner shall direct the distribution thereof."

9. (Provides for the expenses of rehabilitating injured employees and requires the insurance carrier to pay to the State Treasurer the sum of five hundred dollars under the same terms as contained in subdivision 8 above.)

" § 29. Subrogation to remedies of employees. * * * In case of the payment of an award to the state treasurer in accordance with subdivisions eight and nine of section fifteen such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment together with the reason-

able funeral expenses and the expense of medical treatment which shall be in addition to any cause of action by the legal representatives of the deceased."

The contention of the appellant that the deceased left a dependent widow surviving him who would have been entitled to compensation under the statute if she had so elected and that, therefore, no awards should have been made to the State Treasurer under subdivisions 8 and 9 of section 15 has been conclusively decided by this court contrary to the contention of the appellant. (*Matter of State Treasurer* v. *West Side Trucking Co.*, 233 N. Y. 202; *Matter of State Treasurer* v. *Niagara Falls Power Co.*, 241 N. Y. 521; *Matter of Chrystal* v. *United States Trucking Corp.*, 250 N. Y. 566.)

It is urged by the appellant that the Legislature did not have the power to create, by the amendment of section 29 in 1922, a cause of action against a third person through whose negligence an employee covered by the Workmen's Compensation Law met his death, because said amendment is in contravention of the due process clause of the State and Federal Constitutions and also denies to the appellant the equal protection of the law.

The reasons for the enactment of the Workmen's Compensation Law and the humanitarian purpose which it was enacted to further have been stated by this court and the United States Supreme Court. It has been treated as an enlightened forward movement, based upon social experience, enacted to do away with the harsh and often unjust rule of the common law that there could be no liability for injury without fault and to substitute in its place the more just and equitable rule making injuries received by employees without fault on the part of the employer a liability of the industry and adding the expenses, which are first sustained by the employer, to the cost of production to be ultimately borne by the public at large. (*New York Central R. R. Co.* v. *White*, 243 U. S. 188; *Matter of Jensen* v. *Southern Pacific Co.*,

215 N. Y. 514.) Those cases established that the Workmen's Compensation Law is constitutional.

At the time they were decided the amendment of 1922 to section 29, which provides for an action by the employer or insurance carrier against one who has negligently caused the death of an employee to recover the sums paid to the State Treasurer, had not been enacted.

The constitutionality of subdivisions 8 and 9 of section 15 was passed upon in an action by the State Treasurer against the employer and the carrier in *State Treasurer* v. *Sheehan Co.* (236 N. Y. 579; affd., *sub nom. Sheehan Co.* v. *Shuler*, 265 U. S. 371) and in *New York State Railways* v. *Shuler* (265 U. S. 379) before the amendment of 1922 to section 29, in question here.

In those cases it was urged, as it is in this, that subdivisions 8 and 9 of section 15, or the provisions of the statute to like effect in existence at the time of the decisions in those cases, were in conflict with the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution. In the case of *Sheehan Company* v. *Shuler* (*supra*) the United States Supreme Court, referring to subdivisions 8 and 9 of section 15, said: " The substance of these two provisions is that when an injury causes the death of an employee leaving no beneficiaries, the employer or other insurance carrier shall pay the state treasurer the sum of $500 for each of two special funds: one to be used in paying additional compensation to employees incurring permanent total disability after permanent partial disabilities; and the other, in the vocational education of employees so injured as to need rehabilitation. The use of such special funds for such purposes is an additional compensation to the employees thus injured, over and above that prescribed as the payments to be made by their immediate employers. Such additional compensation is neither unjust nor unreasonable. Thus, an employee who, having lost one hand in a previous accident, thereafter loses the second hand, is,

obviously, not adequately compensated by the provision requiring his employer to make payment for the loss of the second hand, independently considered; the total incapacity finally resulting from the loss of both hands working much more than double the injury resulting from the loss of each separate hand considered by itself. In such a case, however, as in the case of an injury requiring vocational rehabilitation, it is the theory of the law that such additional compensation to the injured employee should not be required of the particular employer in whose service the injury occurred, but should be provided out of general funds created by payments required of all employers when injuries resulting in the death of their own employees leaving no beneficiaries, do not otherwise create any liability under the Compensation Law."

The Legislature, in carrying out the benevolent purpose of the statute, by its amendment adding subdivisions 8 and 9 of section 15, furnished additional protection to the class of employees specified therein engaged in hazardous occupations and provided that the fund for furnishing such additional protection should be contributed by employers coming under the act, or their insurance carriers, in cases where they were not liable to pay directly to dependent survivors of the deceased employees. The same principles which inspired the enactment of the Workmen's Compensation Law, and have animated the courts in construing it, were cogent reasons for holding the amendments embodied in subdivisions 8 and 9 of section 15 to be constitutional.

The State has adopted a policy which provides that the unfortunate employees who have suffered the injuries described are entitled to the compensation provided, in order that they may become rehabilitated and not become dependent, or wards of the State. In the first instance, the burden of furnishing funds to carry out the purposes of the statute was placed upon the employers engaged in hazardous occupations, without regard to fault on their

part or whether the fund contributed by a particular employer was to be used for the benefit of employees injured in his business.

Thereafter the Legislature, in 1922, amended section 29, to provide, in substance, that where an employer or his insurance carrier has been obliged to contribute to such funds, he may recover from the wrongdoer who, by his wrongful act, has made such contribution necessary, the amount so contributed. It is an attempt to remove the burden from one who has not committed a wrong and to place it upon one who, by his wrongful act, has made the payment into the funds necessary.

If it be conceded that the State, in establishing the funds for the benefit of the class of employees referred to in order that they may not become dependent and a burden on the State, has acted within its constitutional jurisdiction, then it seems to us that it must follow that placing the burden of supplying such funds upon the wrongdoers who make the contribution to the funds necessary is clearly within the constitutional power of the Legislature.

The Supreme Court, in the case of *New York Central R. R. Co.* v. *White (supra)* said: " One of the grounds of its (the public's) concern with the continued life and earning power of the individual is its interest in the prevention of pauperism, with its concomitants of vice and crime." And in *Mountain Timber Co.* v. *Washington* (243 U. S. 219) the same court said: " It hardly would be questioned that the State might expend public moneys to provide hospital treatment, artificial limbs, or other like aid to persons injured in industry, and homes or support for the widows and orphans of those killed." The argument that the State cannot lawfully place that burden upon those who are directly and wrongfully responsible for it is not convincing. Where the death of an employee covered by the Workmen's Compensation Law is wrongfully caused by a third person, and the deceased leaves

dependents who recover compensation from the employer or his insurance carrier, the employer or his insurance carrier who has paid such compensation may, under the provisions of section 29, recover over against the wrongdoer the damages caused by his wrongful act, even though the recovery exceeds the amount of compensation paid to the dependents of the deceased employee. (*Travelers Insurance Co.* v. *Padula Co.*, 224 N. Y. 397; *Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367; *Travelers Insurance Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273.) The right to recover over against the wrongdoer, under the amendment of said section involved in this case, creates merely an additional liability against the wrongdoer for the amount paid to the State Treasurer under subdivisions 8 and 9 of section 15.

Section 130 of the Decedent Estate Law (Cons. Laws, ch. 13), and the statutes which it superseded conferring the right to recover damages for wrongful death, created a right of action unknown to the common law. (*Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465.) States having similar statutes " differ as to who may sue, for whose benefit, and the measure of damages." (*New York Central R. R. Co.* v. *White, supra.*)

In *Travelers Insurance Co.* v. *Padula Co.* (*supra*) this court said: "A civil liability and the right to recover damages for a wrongful act or neglect causing death are created solely by statute. At common law no civil action would lie for causing the death of a human being. Legislative enactment is the exclusive source and boundary of the liability and the remedy. It may create the cause of action, define the period of its existence, and the party by whom and the method in which it shall be enforced and prescribe the measure of damages and the beneficiaries." All persons are under an obligation to the State not to wrongfully cause the death of one of its citizens, and the State may lawfully enact that if that obligation is violated the one so violating it shall pay to

the State a sum not unjust or unreasonable to enable it to carry out the provisions of the Workmen's Compensation Law. The fact that the obligation is made to rest first upon the employer or his insurance carrier does not affect the right, but only provides for the manner in which the sum is ultimately to be collected from the wrongdoer. That practice has been adopted in many different actions for penalties, where the proceeds, in part, go to the State.

The manner of collecting penalties and the disposition of the sums collected are matters which rest in the discretion of the Legislature, and it may lawfully make such disposition thereof as it determines may best carry out the purpose of a particular statute. (*Missouri Pacific Ry. Co.* v. *Humes*, 115 U. S. 512; *Miami Copper Co.* v. *State*, 7 Ariz. 179; *Boyd* v. *Missouri Pacific Ry. Co.*, 249 Mo. 110.) The State of Alabama enacted a statute allowing punitive damages to be assessed against an employer for the mere negligence of an employee, resulting in death. In *Pizitz Dry Goods Co.* v. *Yeldell* (274 U. S. 112) the statute was held to be constitutional and the court said: " Lord Campbell's Act and its successors, establishing liability for wrongful death where none existed before, the various Workmen's Compensation Acts, imposing new types of liability, are familiar examples of the legislative creation of new rights and duties for the prevention of wrong or for satisfying social and economic needs. Their constitutionality may not be successfully challenged merely because a change in the common law is effected. As interpreted by the state court, the aim of the present statute is to strike at the evil of the negligent destruction of human life by imposing liability, regardless of fault, upon those who are in some substantial measure in a position to prevent it. We cannot say that it is beyond the power of a legislature, in effecting such a change in common law rules, to attempt to preserve human life by making homicide expensive. It may impose an extraordinary liability such as the

present, not only upon those at fault but upon those who, although not directly culpable, are able nevertheless, in the management of their affairs, to guard substantially against the evil to be prevented." In some States the statutes giving a right of action for wrongful death impose a penalty, which may be recovered for the benefit of the survivors named in the statutes. (*Boyd* v. *Missouri Pacific Ry. Co.*, *supra; Raisor* v. *Chicago, etc., R. R. Co.*, 215 Ill. 47, and cases cited in 8 Ruling Case Law, title Death, § 118.) If the State may lawfully impose a penalty payable to the survivors of the deceased, it may impose an additional penalty, payable to the State itself, to enable it to carry on a State function. The fact that the statute limits the liability of one wrongfully causing the death of another to the payment of a penalty only in case the one wrongfully killed is an employee under the Workmen's Compensation Law cannot be complained of by the defendant. That the liability of the defendant might legally have been made greater is not a reason why its legality as enacted should not be maintained. (*People* v. *Braunstein*, 248 N. Y. 308; *Jeffrey Mfg. Co.* v. *Blagg*, 235 U. S. 571.)

It is urged by the appellant that the desirability of establishing the funds under subdivisions 8 and 9 of section 15 does not justify a statute which compels it to pay one thousand dollars into the funds, because neither it nor the one it injured will benefit from such funds. It is a sufficient answer that the State will be benefited by such payment and that the defendant's wrongful act placed upon the employer or his carrier the burden, in the first instance, of making the payment into the funds. (*Sheehan Co.* v. *Shuler*, *supra*.)

The statute does not contemplate the taking of property without due process of law. The defendant may avail itself of any defense which it has or ever had. It has a right to establish, if it can, that there could have been no recovery in the negligence action which it settled, and

may test the validity of the awards against the insurance carrier by any defense which the carrier could have interposed, as it was not a party to that proceeding and is not bound thereby.

Subdivisions 8 and 9 of section 15 and section 29, construed together, and in connection with the other provisions of the Workmen's Compensation Law, are " component parts of a single scheme " and constitute a valid constitutional statute. The wrongdoer is made responsible for his wrongful act, the statute promotes the public welfare, and lawfully imposes a penalty upon the wrongdoer. It is uniform, in that it gives a right of action against all who wrongfully cause the death of an employee specified in the statute.

The judgment of the Appellate Division should be affirmed, with costs.

LEHMAN, J. (dissenting). The Workmen's Compensation Law was enacted by the Legislature, pursuant to authority expressly conferred by the Constitution of the State, article 1, section 19. Every employer subject to its terms must secure compensation to his employees and pay or provide compensation for their disability or death arising out of and in the course of the employment. The industrial relations created by the employment justified the Legislature in substituting a more complete and equitable system of compensation for the inadequate remedy afforded at common law or by earlier statute for injury or death caused by an employer. Because of these industrial relations a new form of liability, though constituting a new burden, might be imposed upon the employer, perhaps to be borne ultimately by the public at large as an expense of the industry. (*N. Y. Central R. R. Co.* v. *White*, 243 U. S. 188; *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514.)

The Legislature, instead of imposing upon each employer the entire responsibility for losses occurring in

his own plant or work, might impose the burden upon the industry through a system of occupational taxes or enforced payments to an industrial fund required of persons connected with the industry. (*Mountain Timber Co.* v. *Washington,* 243 U. S. 219.) In this State the Legislature has provided that for certain disabilities payment of compensation or extra compensation should be made out of special funds created for that purpose, rather than by the individual employer. (Workmen's Compensation Law, § 15, subds. 8 and 9.) Into each of such funds "the insurance carrier shall pay to the State Treasurer for every case of injury causing death in which there are no persons entitled to compensation the sum of five hundred dollars." Under identical conditions all employers are required to contribute to these special funds and "the payments thus required are not unfair and unreasonable in amount. The aggregate for the two funds is one thousand dollars. This is much less than the maximum payment which may be required according to the scales in case the employee leaves survivors entitled to death benefits, and seems not to exceed, if it equals, the average amount of the payments required in such cases." For these reasons the constitutionality of these provisions has been sustained both in this court and in the Supreme Court of the United States. (*Sheehan Co.* v. *Shuler,* 265 U. S. 371, affg. *State Treasurer* v. *Sheehan Co.,* 236 N. Y. 579; *Matter of State Industrial Commission* v. *Newman,* 222 N. Y. 363; *N. Y. State Railways* v. *Shuler,* 265 U. S. 379.)

Where the employee's disability or death resulted from the wrongful act of a party not in the same employ the liability of such party remained substantially unchanged. The injured employee or, in case of his death, his dependents, might elect to pursue any remedy afforded by law against such party. If the employee, or his dependents, elect to take compensation under the Workmen's Compensation Law, then it is provided that the awarding of

compensation shall operate as an assignment of the cause of action against such other party " to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation, and if he elect to proceed against such other, the state insurance fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case." (Workmen's Compensation Law, § 29.)

It is true that, as we have construed the section, it provides " that a party who negligently kills an employee under the act shall be liable to the dependents of the employee, * * * and not to his next of kin," and to that extent creates a new action in substitution for the action for causing death by negligence as defined by section 1902 of the Code of Civil Procedure. Since, however, the Legislature might have originally created a cause of action for the death of an employee in favor of the dependents rather than the next of kin of the deceased, the wrongdoer has no substantial ground for complaint. (*Travelers Insurance Co.* v. *Padula Co.*, 224 N. Y. 397.) There the Legislature exercised its undoubted power to create and define the liability and the remedy for causing the death of a human being. That power is not based upon its right to provide compensation for the disability or death of an employee as a liability on the part of his employer or a burden upon the industry. The considerations which have led the courts to sustain the legislation creating such a right to compensation have no application to legislation creating a liability against a wrongdoer, not in the same employ as the employee who has been injured or killed.

In 1922 the Legislature amended section 29 of the Workmen's Compensation Law by providing that " In

case of the payment of an award to the state treasurer in accordance with subdivisions nine and ten of section fifteen such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment together with the reasonable funeral expenses and the expense of medical treatment which shall be in addition to any cause of action by the legal representatives of the deceased." As stated in the majority opinion, " it is an attempt to remove the burden from one who has not committed a wrong and to place it upon one who, by his wrongful act, has made the payment into the funds necessary."

That statement seems, as a matter of first impression, persuasive that the Legislature must have power to place ultimate liability upon the person but for whose wrongful act no payment would have been required of the employer. Analysis, however, demonstrates, I think, that its persuasive force is illusory. The defendant has already paid to the dependent of the deceased more than the compensation provided by the Workmen's Compensation Law. If recovery or settlement had been less the dependent would have been entitled to receive payment of the deficiency from the employer or insurance carrier. In such case the employer or insurance carrier would not have been entitled to any repayment of the deficiency from the wrongdoer nor would such employer or insurance carrier have been compelled to make any payment to the State insurance fund. The wrongful act of the defendant has not caused any depletion of the insurance fund.

The employer or insurance carrier is compelled to make a payment to such a fund only because the Legislature has so decreed as part of its scheme of making payment of compensation to employees a burden on the industry as a whole. The defendant is not in the same employ as the deceased or as the persons who may subsequently be entitled to receive compensation from the fund for other injuries. The liability of the employer to make pay-

ments to such a fund is not in any true sense a damage flowing from the defendant's wrongful act. It is a payment in the nature of an industrial tax which the Legislature has imposed upon employers for the purpose of creating an industrial fund for the benefit of those who are part of the industry. The contingency upon which such liability is imposed is an injury of an employee " causing death in which there are no persons entitled to compensation." The defendant's wrong has caused the death. It has paid to the dependents and next of kin of the deceased the full compensation or damages allowed to them by statute for such death. Only because that payment was adequate to meet all claims for compensation which would otherwise have been a liability of the employer has the employer become subject to the tax, the required payment into the insurance fund. The question before us is not whether the Legislature may compel a wrongdoer to make good all damages caused by his wrongful act, but whether the Legislature may shift to the defendant the ultimate liability for the payment, in the nature of an industrial tax, imposed upon the employer.

Since the defendant stands in no industrial relation to the deceased or to the employee or to those who may receive compensation from the insurance fund, it seems to me quite clear that the liability which the Legislature has attempted to impose may not be sustained upon analogy to an industrial tax. The additional cause of action in favor of an employer who has been compelled to make a payment into the insurance fund may be sustained, if at all, only as the result of the exercise of a legislative power to create a new cause of action for a penalty or damages · for causing death by negligence. These powers are undoubtedly broad, yet they are not, I think, unlimited. Some reasonable basis must be found, I think, for the imposition of the penalty, or for the creation of a cause of action for damages and there must be some reasonable basis for the classification upon

which the creation of the new cause of action for damages or penalty is based. I fail to find such a basis in the present case.

The cause of action for a penalty or damages which the Legislature has attempted to create, arises not in every case where death is caused by wrongful act, nor even in every case where death is so caused and the deceased left no dependents or next of kin entitled to damages. Indeed in this case a dependent survived but the surviving dependent is not entitled to compensation under the Workmen's Compensation Act because she has already received adequate payment from the defendant. In other words, here a cause of action for a penalty or damages has been created by the Legislature because the defendant has paid to the surviving dependent full compensation for the injury caused by its wrong. If the defendant had failed to pay such damages and consequently the dependent had been entitled to the compensation from the employer, the defendant would not have been liable for any penalty or damages beyond those which the dependent or next of kin might have recovered in an action against the defendant.

It is true that in such case the employer also would have been compelled only to pay compensation to the surviving dependent and would not have been compelled to pay an additional sum into the State insurance fund. If this factor were absent I assume that no one would seriously contend that the Legislature ever would or could have created an additional liability against a wrongdoer causing death in the contingency that the wrongdoer had already made full payment in damages to the dependents or next of kin of the person killed.

As I have already pointed out, the provision of the statute for payment by the employer into the insurance fund has been sustained on the ground that it is in the nature of an industrial tax imposed on all employers in the contingency of the death of an employee where the

employer cannot be called upon to make any payment of compensation to any dependent of the person killed. It bears equally upon all employers under the same circumstances and is reasonable in amount, since it " seems not to exceed, if it equals, the average amount of the payments required " if a deceased left surviving dependents entitled to death benefit. Here, on the contrary, the additional liability does not bear equally upon all wrongdoers causing death where no dependent or next of kin survive, and it is not reasonable in amount, for it is imposed in those cases where the damages already paid by a defendant exceed the rate of compensation to which a dependent survivor would be entitled under the statute. It seems to me that the Legislature could not, after such payment, impose upon the defendant an additional liability in order to shift to the wrongdoer the ultimate burden of repaying to the employer the amount which the employer was required to pay into the insurance fund. None of the grounds upon which the courts have sustained the statute requiring such payment from the employer applies to the liability for repayment imposed upon this defendant. The Legislature could not have imposed upon the defendant a liability to make a direct payment into the insurance fund in the contingency that it had fully paid compensation to all survivors of the person whose death defendant caused. Such a classification would be so clearly unreasonable that it would not even bear any analogy to any reported cases. The Legislature has, I think, attempted to do by indirection what it could not do directly. That, I think, is equally beyond its powers.

For these reasons the judgment should be reversed and the complaint dismissed.

CARDOZO, Ch. J., POUND, CRANE and O'BRIEN, JJ., concur with HUBBS, J.; LEHMAN, J., dissents in opinion in which KELLOGG, J., concurs.

Judgment affirmed.