LIBERTY MUTUAL INSURANCE COMPANY, Appellant, *v.* GEORGE COLON & Co., INC., Respondent.

Second Department, March 18, 1932.

*Thomas D. Scoble, Jr.* [*John P. Smith* with him on the brief], for the appellant.

*Frederick Mellor,* for the respondent.

YOUNG, J. The action is brought under section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499) to recover $1,000 paid by plaintiff pursuant to subdivisions 8 and 9 of section 15 of that law, as respectively amended by chapter 493 of the Laws of 1927 and chapter 183 of the Laws of 1930.* Subdivision 8 (*supra*) provides for the payment of additional compensation to an employee who, after incurring permanent partial disability, thereafter incurs permanent total disability, out of a special fund created for that purpose, as follows: " The employer, or if insured, his insurance carrier, shall pay into such special fund for every case of injury causing death in which there are no persons entitled to compensation the sum of five hundred dollars.   *   *   *." Subdivision 9 of the same section provides for additional compensation for the rehabilitation of injured employees out of a special fund created by like payment of $500 by the employer or his insurance carrier.

Section 29 of the Workmen's Compensation Law provides as follows: " If an employee entitled to compensation under this chapter  be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, shall, before any suit or any award under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commissioner may by regulation prescribe. If such injured employee, or in case of death, his dependents, elect to take compensation under this chapter, the awarding of compensation shall operate as an assignment of the cause of action against such other to the State for the benefit of the State Insurance Fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation, and if he elect to proceed against such other, the State Insurance Fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and

the compensation provided or estimated by this chapter for such case. In case of the payment of an award to the State Treasurer in accordance with subdivisions eight and nine of section fifteen such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment together with the reasonable funeral expenses and the expense of medical treatment which shall be in addition to any cause of action by the legal representatives of the deceased. Such a cause of action assigned to the State may be prosecuted or compromised by the Commissioner. * * *."

The complaint alleges in substance that, on March 26, 1930, the administratrix of one John Thompson, deceased, in an action against this defendant for negligence causing the death of said Thompson, recovered a judgment for $63,890.27, which was unanimously affirmed on appeal to this court (*Thompson* v. *Colon & Co., Inc.*, 232 App. Div. 852), and that permission to appeal to the Court of Appeals was denied; that said judgment was paid and satisfied by defendant; that, on June 19, 1931, the Industrial Commission made awards in the case of said Thompson against his employer and plaintiff, the insurance carrier, in accordance with subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law, amounting to $1,000, and said awards were paid by plaintiff into the respective funds created by the statute; that the awards and the payment thereof by plaintiff operated as an assignment to it of the cause of action for said payment in addition to any cause of action by the legal representatives of the deceased by virtue of section 29 of the Workmen's Compensation Law, and that the said judgment is *res adjudicata*.

The answer, after various insufficient denials, for a first defense alleges in substance that the awards were made in violation of the Workmen's Compensation Law, because Thompson left him surviving a mother residing in Norway, and that, prior to and up to the time of the accident, he contributed to her support regularly, and that she was at said time partially dependent upon him for her support. For a second defense, it alleges that the injuries received by Thompson, resulting in his death, occurred by reason of his own negligence.

Plaintiff moved for an order striking out the answer as sham and for judgment. The learned Special Term denied plaintiff's motion and made the order appealed from.

In my opinion, there is no merit in the first defense. (*Phœnix*

*Indemnity Co.* v. *Staten Island R. T. R. Co.*, 251 N. Y. 127; *Matter of State Treasurer* v. *W. S. T. Co.*, 233 id. 202; *Matter of State Treasurer* v. *Niagara Falls Power Co.*, 241 id. 521; *Matter of Chrystal* v. *U. S. Trucking Corp.*, 250 id. 566.)

The serious question in this case is whether the judgment obtained by the administratrix in her action against the defendant is *res adjudicata* and binding upon the defendant upon the issues of negligence and contributory negligence determined in that action. The general rule is that a judgment binds only the parties to the action in which it is rendered, or their privies. Of course, the parties to this action are not the same as those in the former action, and the only way in which the appellant's contention can be sustained is upon the theory that, in some way, it is in privity with the administratrix of Thompson, the plaintiff in the former action, and can, therefore, assert the bar of that judgment. Strictly speaking, it is doubtful if any such privity exists. Although the complaint alleges and appellant contends that the payment of these awards operated as an assignment to it of the cause of action set forth in the complaint in addition to the cause of action of the administratrix against the defendant, the statute itself contains no such language. Under no possible construction of section 29 (*supra*) can plaintiff be held to derive its cause of action through any assignment by the legal representatives of the deceased employee or by any one else. Its cause of action is certainly not, as asserted by appellant, " the same cause of action that the legal representatives had," because, clearly, Thompson's administratrix never had a cause of action to recover these awards paid by the appellant. The only assignment of any cause of action provided for in section 29 of the Workmen's Compensation Law is the cause of action in favor of the decedent's representative for the wrongful death caused by another than the employer, where the decedent's dependents have elected to take compensation and not pursue the remedy against the third person, in which case such election operates as an assignment of that cause of action to the insurance carrier. The cause of action alleged in this complaint is purely statutory and, under the language of section 29 (*supra*), entirely independent of, and in addition to, the cause of action existing in favor of the administratrix, and is not derived through any assignment, express or implied. The statute simply provides that, where the awards have been paid in accordance with subdivisions 8 and 9 of section 15 (*supra*), such payment operates to give the employer or insurance carrier this additional cause of action. Unless, therefore, this cause of action, given by the statute to plaintiff against the defendant, is so far dependent upon the recovery of the former judgment by

the administratrix as to make it inequitable to permit the defendant to again litigate the issues in the former action, that judgment is not binding upon the defendant in this action.

It may be that the appellant derives its cause of action by operation of law from the successful recovery of the former judgment by the administratrix against the defendant, and that, therefore, the appellant is, in a broad sense, in privity with the administratrix, and the judgment is conclusive in its favor against the defendant upon the issues determined in that action. But, in my opinion, the legal effect of this statute is to make the defendant an indemnitor of the plaintiff. In other words, because of the defendant's wrongdoing, plaintiff has been compelled to pay these awards, and the statute gives it a recovery over against the defendant — in other words, compels defendant to indemnify plaintiff. It is a familiar doctrine that one who has been compelled to pay a judgment recovered against him because of the wrongful act of a third person has an action over against such person; and where such third person has had notice of the former action and an opportunity to defend, the judgment is binding and conclusive upon him. (*Village of Port Jervis* v. *First National Bank*, 96 N. Y. 550; *Morette* v. *Bostwick*, 127 App. Div. 701; *Pinney* v. *Geraghty*, 209 id. 630.)

I realize that the case at bar is somewhat different from the ordinary action to enforce an indemnity. The payment by the appellant of these awards was not the payment of a judgment recovered against it by the administratrix for which the respondent was bound to indemnify it. Such payment, however, was compelled by the statute because of the wrongful act of the respondent in causing the death of the employee, and the statute, in effect, compels the respondent to indemnify the appellant for these payments and gives the latter a cause of action for their recovery. I think, therefore, the principle governing actions against indemnitors applies here. The respondent has unsuccessfully defended the action of the administratrix against it for its wrongful act in causing the employee's death. It, therefore, had notice and an opportunity to defend the very issues which it seeks now to raise in this action, and which were determined against it in the former action. This it should not be permitted to do.

I have not overlooked the language of the court in *Phœnix Indemnity Co.* v. *Staten Island R. T. R. Co. (supra)*. In that case an employee of one who had insured himself with the plaintiff pursuant to the Workmen's Compensation Law, was killed in the course of his employment through the negligence of the defendant, leaving his widow as his sole dependent. An action against the defendant by his administratrix to recover for such death was

settled by payment to the administratrix of a sum in excess of the amount to which the widow would have been entitled under the Workmen's Compensation Law, and the defendant obtained a general release. Thereafter, awards were made in favor of the State Treasurer (now Commissioner of Taxation and Finance) under subdivisions 8 and 9 of section 15 (*supra*), which were paid by plaintiff, and it was held that subdivisions 8 and 9 of section 15, and section 29 of the Workmen's Compensation Law, construed together, and in connection with other provisions of the statute, were component parts of a single scheme, and constituted a valid constitutional statute, and that, under section 29 (*supra*), plaintiff was entitled to maintain an action to recover from the defendant the sum so paid. In the course of the opinion, the court in that case said: " The statute does not contemplate the taking of property without due process of law. The defendant may avail itself of any defense which it has or ever had. It has a right to establish, if it can, that there could have been no recovery in the negligence action which it settled, and may test the validity of the awards against the insurance carrier by any defense which the carrier could have interposed, as it was not a party to that proceeding and is not bound thereby " (pp. 138, 139).

The defendant in the case last cited, however, settled and compromised the action brought against it by the legal representatives of the deceased employee. There was, therefore, no judgment rendered against it in that action, and no admission of liability or estoppel. I think, therefore, that the court in that case held in effect that the mere fact that the defendant had settled the former action did not prevent it from claiming and proving, if it could, that there was no liability on its part in the former action. In the case at bar, however, the judgment has established the respondent's negligence resulting in the employee's death and the employee's freedom from contributory negligence. In my opinion, it is, therefore distinguishable from the case last cited.

Respondent further contends that, because in this action the burden of proof is upon plaintiff to show that decedent was free from contributory negligence and that section 131 of the Decedent Estate Law (as added by Laws of 1920, chap. 919) and section 265 of the Civil Practice Act have no application to the present action, the judgment in the former action is not *res adjudicata*. In my opinion, this contention is unsound for two reasons: (1) Because section 265 is not limited to actions brought by the personal representative of a decedent, but places the burden of proof of contributory negligence upon the defendant in " an action to recover damages for causing death." This language, in my opinion, includes the

present action, which arises out of or because of the employee's death caused by the defendant's negligence. (*Hall* v. *New York Telephone Co.*, 220 N. Y. 299; *Travelers Insurance Co.* v. *Staten Island R. T. R. Co.*, 134 Misc. 6.) (2) If the defendant in this action stands as an indemnitor to plaintiff, judgment in the former action is binding upon it upon all the issues litigated therein, including that of contributory negligence of the decedent. This is so because it had a right to and did defend upon that issue, and cannot again raise the question simply because this plaintiff is not the legal representative of decedent.

The order appealed from should, therefore, be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAZANSKY, P. J., KAPPER, HAGARTY and CARSWELL, JJ., concur.

Order denying plaintiff's motion to strike out answer and for judgment reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.