In the Matter of the Claim of THE TREASURER OF THE STATE OF NEW YORK, Arising Out of the Death of JOHN A. BRAUN, Deceased, Respondent, against LEWINTERS RADIO STORES, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.—Appeal by employer and carrier from an award to the Commissioner of Taxation and Finance. On March 13, 1934, John A. Braun sustained accidental injuries which resulted in his death on the following day. On April 25, 1934, his widow filed a notice of election to sue a third party and on November 26, 1934, the third party action was settled for the sum of $2,300 with the consent of the insurance carrier, which happened to be the insurance carrier covering the third party. Thereafter and on February 23, 1935, the widow remarried. At the time of her remarriage the total value of her claim under the Workmen's Compensation Law, taking into consideration the two years' allowance on remarriage, would have been $1,796.98, which was less than the sum she recovered in the third party action. The appellants contend that since at the time of the accident there was a person entitled to compensation within the meaning of subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law, to wit, the widow, an award to the Commissioner of Taxation and Finance was improper. There was no person entitled to compensation within the meaning of said sections at the time the award appealed from was made. Where at the time of making the award there is no person entitled to compensation the award must be made to the appropriate statutory funds. The courts have so held even where, as here, there has been a person entitled to compensation at some time between the accident and the making of the award. (*Matter of Chrystal* v. *United States Trucking Corp.*, 225 App. Div. 712; affd., 250 N. Y. 566.) Award unanimously affirmed, with costs

to the State Industrial Board.   Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.