The Travelers Insurance Company, Appellant, v. Hyman Shachner, Respondent.— Charles Bies, an employee of one Prussack, was killed in an accident when the Prussack truck driven by a coemployee was in collision with defendant's truck at a street intersection. An action by the representative of the estate of Bies against defendant Shachner was settled for an amount greater than the amount of compensation to which the dependents of Bies would have been entitled against his employer Prussack under the Workmen's Compensation Law. Nevertheless, under the provisions of section 15, subdivisions 8 and 9, of the Workmen's Compensation Law, the plaintiff as insurance carrier was required to pay to the State Treasurer $1,000 awarded against Prussack by the State Industrial Board. This action was brought to recover that sum from the defendant pursuant to section 29 of the Workmen's Compensation Law, on the theory that the negligent act of the defendant caused the death of Bies. The defendant in his answer alleged freedom from

negligence on his part and alleged that the accident was due to the negligence of the employer Prussack and of the decedent. On the trial the verdict was for the defendant. On appeal to the Appellate Term the judgment was affirmed. An appeal was allowed to this court. The only grounds urged for reversal are errors in the charge. In so far as the court charged that the plaintiff had the burden of proving that the operator of the Prussack truck was free from negligence, there was no error. The case presented facts involving concurrent negligence; and the defendant was entitled to avail himself of all defenses ordinarily existing in such an action. (*Phœnix Ind. Co.* v. *Staten Island R. T. R. Co.*, 251 N. Y. 127; affd., 281 U. S. 98; *Liberty Mut. Ins. Co.* v. *Colon & Co., Inc.*, 235 App. Div. 117; affd., 260 N. Y. 305.) The employer could not recover if its concurrent negligence had been a factor in causing the death of the employee, for that would permit it to profit by its own wrong. The plaintiff as insurance carrier has rights no greater than the employer. The court further charged in effect that the plaintiff also carried the burden of proving that the decedent was not negligent; and declined to charge that he was not guilty of contributory negligence as a matter of law since he was a passenger in the truck, and also declined to charge that no negligence of the driver was imputable to the decedent. It is now conceded that the burden was on the defendant to prove the contributory negligence of the decedent; and that the charge is erroneous; but it is said in view of all the facts the error was not harmful. We cannot agree with this conclusion. On the face of the record it would seem that the defendant was principally, if not wholly, to blame for the accident — at least it presented a close question worthy of careful consideration by the jury. The erroneous instructions were the last words spoken to the jury; and we cannot say that the error was harmless in its effect on the minds of those chosen to decide the questions of fact. (*Burd* v. *Bleischer*, 208 App. Div. 499, 502.) The order of the Appellate Term and the judgment of the Municipal Court, Borough of Brooklyn, First District, are reversed on the law, judgment of the Municipal Court vacated, and a new trial ordered in the Municipal Court, with costs in this court and in the Appellate Term to abide the event. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.