LEONA W. BROWN, Individually and as Administratrix, etc., of BUDD W. WALES, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25997.)

MERCHANTS MUTUAL CASUALTY COMPANY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 26036.)

Court of Claims, August 12, 1942.

*Renwick* and *Ackerman* [*W. James Ackerman* of counsel], for the claimant, Leona W. Brown.

*Baier* and *Chamberlin* [*Gerald A. Gleason* of counsel], for the claimant, Merchants Mutual Casualty Company.

*John J. Bennett, Jr., Attorney-General* [*John A. Lynch, Assistant Attorney-General,* of counsel], for the defendant.

DYE, J. These are damage claims arising out of the same accident and were tried together, although separate rules of law are involved in each case. For convenience, the administratrix' claim is disposed of first.

The decedent died of injuries received while riding as a passenger in an automobile which was being driven at an excessive speed, when the wheel of the automobile went into a hole in the road, the tire blew out and the driver lost control. The deceased and the driver of the automobile were fellow employees and it was being operated in the course of and by reason of their employment. An award has been made, based on the negligent maintenance of the highway, the fact that the decedent was free from contributory negligence and that the driver's negligence was not attributable to the passenger.

The amount awarded, however, is limited to what the court regards as the fair and just compensation for the pecuniary injuries resulting from the decedent's death. (Dec. Est. Law, § 132.) The decedent had no steady occupation, depending on seasonal farm work and such other odd jobs as he might be called upon to do. The claimant is an only daughter of the deceased and is a widow with four small children. She has been on public welfare for several years, both before and after her husband's death. The contributions made by the decedent were small and decidedly irregular and are considered in determining the pecuniary benefit which the next of kin would have received by contributions, services or inheritances from the continuance in life of the deceased. (*Matter of Meekin* v. *Brooklyn Heights R. R. Co.,* 164 N. Y. 145.)

The fact that the county welfare commissioner was giving relief without having proceeded against the deceased for contribution, pursuant to the Public Welfare Law, does not prevent the court from disposing of the claim on its merits. Nor does the decision of the Industrial Commissioner, Division of Workmen's Compensation, Department of Labor, that the decedent had no dependents within the meaning of section 16 of the Workmen's Compensation Law, act as a bar. (*Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367.)

The claimant casualty company was the insurance carrier for the employer and has paid a compensation award pursuant to subdivision 8 of section 15 and section 25-a of the Workmen's Compensation Law. It now seeks to recover the amount so paid in a third-party action against the State. (Workmen's Comp. Law, § 29, subd. 5.) This section is procedural in that it permits the bringing of a cause of action, but does not change any fundamental rule of common law as to the necessity of establishing the right to recover. The court having found that the driver, an employee of the insured, was negligent and that this negligence contributed to the happening of the event, it necessarily follows that the carrier cannot recover. (*Travelers' Ins. Co.* v. *Shachner*, 255 App. Div. 999; affd., 280 N. Y. 758.) This is but an extension of the rule applicable to an employer when proceeding against a third party for injury to the employee. (Restatement, Agency, § 317; Restatement, Torts, § 486.) The carrier has no independent cause of action separable from the employer. His rights are derivative and must be limited at the source.

The rule of *Schubert* v. *Schubert Wagon Co.* (249 N. Y. 253), which is urged as an authority, cannot be applied herein. It resulted from an entirely different situation, and is a restatement of a fundamental principle. There the court held that the husband's immunity from suit by the wife was an incident of the marital relation which did not extend to his employer. The negligent act, having been committed within the scope of his employment, was chargeable to the employer and the wife being free from contributory negligence was allowed to recover. Here the claimant's antecedent actor, the employee driver, having negligently operated the death car during and in the course of his employment, the employer could not recover.

This is so not because of immunity by reason of the relationship, but is simply the consequence of a well-founded common-law principle that one cannot profit from his own wrong. In this respect, the carrier has no better advantage than its insured, and the failure or success in a third-party suit depends on the existence or absence of contributory negligence of the insured's employee.