Appeal by employer and its insurance carrier from an award of the Workmen’s Compensation Board, filed March 19, 1946, directed to be paid to various “ Special Funds ”, totaling $2,000, pursuant to subdivisions 8 and 9 of section 15 and section 25-a of the Workmen’s Compensation Law. The award was made as a result of a compensable industrial accidental death. Deceased was survived by a dependent widow to whom an award was first made and which included funeral and medical expenses. Thereafter the widow duly elected to prosecute a third party action for damages for the pecuniary injury. Pending the action the appellant carrier made payments of the awards to the widow and for the funeral and medical expenses. The third party action resulted in the settlement of a recovery therein, the net of which exceeded the amount of the award which had been made and the value of all possible death benefits. Thereafter the appellant carrier was reimbursed in full for all it had paid out thereunder. The settlement aforesaid was without the consent of the carrier. The award in question, made upon the finding that, upon the premises afore-stated, there were no persons who were entitled to the death benefits, is sustained by holdings in the following cases: Matter of Treasurer of State of N, T. v. Niagara Falls Power Co. (241 N. Y. 521), Matter of Chrystal v. United States Trucking Corp. (250 N. Y. "566), Phoenix Ind. Co. v. Staten Island B. T. By. Co. (251 N. Y. 127), Matter of Barrett v. Burnett (262 N. Y. 670), Matter of Commissioner of Taxation & Finance v. Cox (258 N. Y. 540), Matter of Treasurer of State of N. Y. v. LeWinters Badio Stores (248 App. Div. 843) and Matter of Industrial Comr. v. Underwood E. F. Co. (247 App. Div. 658, affd. 271 N. Y. 639). The phrase in the statutes, which refers to the nonentitlement of persons to compensation includes in its meaning the ultimate failure of the establishment of a liability to pay the benefits to surviving dependents of the deceased. There can be no entitlement to the death benefits which will avoid the direction of the payments to the Special Funds in the absence of a final establishment of liability to pay them to the dependent survivors of the class named in the statute. Such is in accord with the objectives of the statute. (Matter of State Industrial Comm. v. Newman, 222 N. Y. 363, 369; Phoenix Ind. Co. v. Staten Island B. T. By. Co., 251 N. Y. 127, 134, supra.) Decision and award affirmed, with costs to the Workmen’s Compensation Board. All concur.