518 P.2d 272

**SANTA FE COMMUNITY SCHOOL et al.,
Plaintiffs-Appellants,**

v.

**The NEW MEXICO STATE BOARD OF
EDUCATION et al., Defend-
ants-Appellees.**

**No. 9745.**

Supreme Court of New Mexico.

Jan. 18, 1974.

Michael P. Gross, Santa Fe, G. Emlen Hall, Pecos, for plaintiffs-appellants.

David L. Norvell, Atty. Gen., C. Emery Cuddy, Jr., Agency Asst. Atty. Gen., John A. Templeman, Asst. Atty. Gen., Santa Fe, for defendants-appellees.

## OPINION

McMANUS, Chief Justice.

This suit was brought in the District Court of Santa Fe County praying for a judgment which would declare that defendants had no jurisdiction to regulate the educational activities of plaintiffs (a private school). Plaintiffs further sought an injunction against such regulation and asked for monetary damages. The parties hereto entered into a stipulation as to certain facts surrounding the case. Plaintiffs then sought a summary judgment. An order of the court was subsequently entered granting summary judgment in favor of the defendants-appellees (hereinafter Board), and the plaintiffs-appellants (hereinafter School) appeal.

The sole issue on appeal is related in the "Parties' Stipulations of Fact," as follows:

"Parties further stipulate that this cause be presented to the court on the sole issue of whether or not the New Mexico State Board of Education has jurisdiction to supervise or exercise control or management over private elementary and secondary schools within the State and that all other issues raised or attempted to be raised in the complaint herein be dismissed without prejudice."

The court, after hearing the motion for summary judgment, ordered as follows:

"This matter having come before the Court on a Motion for Summary Judgment, and all material facts having been stipulated by the parties, and briefs having been filed and oral argument heard on December 1, 1972, and the Court being fully advised in the premises, and the Court finding that there is no genuine issue as to any material fact and concluding that Article XII, Section 5 of the New Mexico Constitution provides adequate authority for the Legislature to invest the State Board of Education with certain control over non-public schools in this State and concluding that Article XII, Section 6 of the New Mexico Constitution is no bar to such investiture of power;

"* * * IT IS ORDERED * * * that the Defendants to this cause be granted Summary Judgment * * *."

Article XII, § 5 of the New Mexico Constitution provides:

"Every child of school age and of sufficient physical and mental ability shall be required to attend a public or other school during such period and for such time as may be prescribed by law."

The legislature, seeking to carry out this constitutional provision, provided in § 77–10–2, N.M.S.A.1953 (Supp.1973) that:

"A. Any person attaining six [6] years of age prior to September 1 of a school year and until attaining seventeen [17] years of age shall attend a public school, a private school maintaining courses of instruction approved by the state board, or a program of instruction offered by a state institution, * * *."

■ It is readily apparent that this compulsory education statute does not require that every child attend public school but does require that every child attend some recognized school—public, private, or institutional.

The School contends, however, that the Board does not have the constitutional authority to approve the program of instruction since the second constitutional provision here involved, N.M.Const., art. XII, § 6, provides:

"A. There is hereby created a 'state department of public education' and a 'state board of education.' The state board of education shall determine public school policy and vocational educational policy and shall have control, management and direction of all public schools, pursuant to authority and powers provided by law. * * *"

■■ It is true that the constitutional authority of the Board under this provision to make regulations for and supervise schools only mentions public schools. However, the Board may exert such authority in the supervision and control of private schools as is conferred by the legislature in the proper exercise of State police power. The police power of the State has been defined by this court in State v. Cleveland, 47 N.M. 230, 242, 141 P.2d 192, 200 (1943) as follows:

"The police power 'is not a rule; it is an evolution.' 28 R.C.L. 742, § 36; State v. Mountain Timber Co., 75 Wash. 581, 135 P. 645, L.R.A.1917D, 10. Laws providing for preservation of the public peace, health and safety are essentially police measures and represent an exercise of this inherent power. It is the broadest power possessed by governments and rests fundamentally on the ancient maxim 'salus populi est suprema lex.' Traditionally, it was limited in its operation to laws concerned with the public health, safety and morals. This historic field for its operation now has been extended to embrace laws for the promotion of the general welfare, prosperity, comfort and convenience. * * *"

The same type of problem confronting us in the instant case was considered by the New York Courts in Packer Collegiate Inst. v. University of State of N. Y., 273 App.Div. 203, 76 N.Y.S.2d 499, 503 (1948),

and the language from that decision, which we approve, is as follows:

"It may be observed that the only direction to the legislature in the state constitution concerning education, aside from the continuance of a state university and regents, is to maintain a system of free common schools (Article II, sec. 1). Nothing is said about the regulation of private schools, and if such regulation is to be assumed it can only be justified as an exercise of police power. * * * It is, we think, an indisputable fact also that all schools, public or private, are affected with a public interest, and hence subject to reasonable regulation under the police power of the state. The fact that prior to 1939 the state had never entered the field of regulating private nursery schools and kindergartens is not a sound reason for denying its power to do so now. * * *"

At page 504, the same court reasoned as follows:

" * * * That the state, as parens patriae of immature children, may legislate for their safety, health, morals and general welfare, is a proposition not open to dispute. People v. Ewer, 141 N.Y. 129, 36 N.E. 4, 25 L.R.A. 794, 38 Am.St.Rep. 788; People v. Braunstein, 248 N.Y. 308, 162 N.E. 89. * * * In addition we think the state may impose minimum scholastic and training standards, including qualifications for teachers, for both public and private nurseries, kindergartens and elementary schools. Above and beyond such minimum standards the private institution may furnish a better curriculum, training and teaching if it desires to do so. But the state has a preeminent interest in basic or minimum standards. The assertion of this interest does not deny a choice of schools, or a reasonable choice as to training and curriculum. We reach the conclusion therefore that the statute requiring registration by private schools in the categories specified is not beyond the police power of the state, and that the regulations promulgated thereunder are not arbitrary and unreasonable. * * * The statute on its face bears the mark of a legitimate purpose, viz: to legislate for the health, safety, and general welfare of children."

We approve of the above-quoted language but it might be noted that Packer, supra, was later reversed on the grounds that even though the legislature has a limited right to regulate private schools under the police power, the legislature cannot hand over to the school board (as it did in New York) an unlimited, unrestrained and undefined power to make such regulations as it may desire. As indicated above, there is no constitutional authority granted to the Board to supervise or exercise control or management over private elementary and secondary schools, which is the sole issue in this case.

■ Assuming that the legislature had authority to enact § 77–10–2, supra, and assuming further that this statute is an effective grant of power to the Board under the police power, this compulsory education statute only gives the Board authority to approve the courses of instruction in private schools. The stipulated issue before us is to determine if the Board has the authority to "supervise or exercise control or management over private schools." This stipulation goes beyond what § 77–10–2, supra, provides.

In view of the limited issue acted upon by the trial court, we reverse the summary judgment in favor of the Board and remand the cause to the trial court with instructions to enter judgment in favor of the school consistent with the stipulation of the parties concerning the sole issue involved and the views expressed in this opinion. It is so ordered.

OMAN, STEPHENSON, MONTOYA and MARTINEZ, JJ., concur.