In the Matter of the Claim of the STATE TREASURER, Respondent, v. WEST SIDE TRUCKING COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

**Workmen's Compensation Law — award to state treasurer in absence of dependent relatives — appeal — when affirmance by Appellate Division not unanimous, Court of Appeals may examine record to ascertain if there is any evidence to sustain finding — burden of proving that decedent left a dependent relative — hearsay statements not sufficient — in absence of proof award to state treasurer properly made — dependent barred by failure to file claim within one year after death under provision of statute — when objection not taken at hearing will not be considered on appeal.**

1. By the enactment of subdivision 7 of section 15 of the Workmen's Compensation Law the legislature intended in every case of injury causing death, in which there is no person surviving to whom an

award can be made, that there shall be paid to the state treasurer the amount therein specified.

2. Where an affirmance by the Appellate Division of an award to the state treasurer, under subdivision 7, is not unanimous, the record may be examined by this court for the purpose of ascertaining whether there be any evidence that at the time of the decedent's death he left him surviving a dependent mother.

3. The burden of proving the fact that decedent left him a surviving mother was, in this case, upon the defendants and where they offered no such proof and the record discloses no evidence to that effect, it must be held that a finding that the deceased left him surviving a mother is without evidence to support it. Mere hearsay statements, not under oath, are insufficient.

4. The case being barren of anything to show that the deceased left any person dependent upon him to whom an award could be made, an award to the state treasurer was proper. But even if a mother survived, the same result follows. She did not file a claim within one year after the death of her son, and under section 28 she thereby became absolutely barred from having an award made to her unless the employer and insurance carrier saw fit to waive the provisions of the statute with reference to filing such claim.

5. An objection by defendants to the award because the mother might sometime in the future file a claim as a dependent and an award could be made if they saw fit to waive the bar of the statute, will not be considered on appeal where it was not raised at the hearing before the commission.

*Matter of State Treasurer* v. *West Side Trucking Co.*, 198 App. Div. 432, affirmed.

(Argued February 28, 1922; decided April 18, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 29, 1921, affirming an award of the state industrial board, made under the Workmen's Compensation Law.

*T. Carlyle Jones* for appellants. The legislature intended in enacting subdivision 7 (section 15 of the Compensation Law), that the insurance carrier shall pay to the state treasurer for every case of injury causing death in which there is no person of those enumerated

in subdivisions 2, 3 and 4 of section 16 surviving the deceased the sum of $100. (*Matter of State Industrial Commission* v. *Newman*, 222 N. Y. 363; *Fuller* v. *Baltimore & O. E. R. Assn.*, 67 Md. 433; *Myers* v. *Cann*, 95 Ga. 383; *Hibbard* v. *Slack*, 84 Fed. Rep. 571; *O'Esau* v. *Bliss*, 227 N. Y. 597; *Lutz* v. *Huffman & Co.*, 231 N. Y. 114; *Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397; *Bennett* v. *Page Bros.*, 197 App. Div. 745.) Failing to file a claim within the statutory period does not bar one's rights to compensation. (Cons. Laws, ch. 67, § 28.)

*Charles D. Newton,* Attorney-General (*E. C. Aiken* of counsel), for respondent. Where there are no dependents who are awarded compensation the insurance carrier should pay the $100 to the state treasurer. (*Matter of Edsall*, 222 N. Y. 651; *Thall* v. *Dreyfus*, 84 App. Div. 569.)

McLaughlin, J. On the 31st of January, 1920, Richard Cook, an employee of the West Side Trucking Company, received a personal injury which resulted in his death shortly thereafter. Notice of his death was given by the employer and insurance carrier to the state industrial board. On the twentieth of July following a hearing, by reason of the notice thus given, was had by the board at which the only appearance was the representative of the insurance carrier. This representative stated to the board — no evidence being taken — that he understood the deceased left a widowed mother, dependent upon him for support; that he also understood an action had been started against the New York Railways Company to recover damages for Cook's death on the ground that the same was caused by the negligence of such company, and he suggested that the hearing be adjourned until definite information thereof could be obtained. The hearing was thereupon adjourned until the 8th of February, 1921, when the representative of the insurance

carrier again appeared. There was no other appearance. No evidence was taken and the representative of the insurance carrier insisted that no award could be made. The hearing was closed and the board found that Cook left him surviving a mother who had failed to file a claim within one year after his death and there was no person or persons entitled to compensation under the Workmen's Compensation Law by reason of his death. An award was thereupon made against the trucking company, employer, and the insurance company, carrier, to the state treasurer in the sum of one hundred dollars, pursuant to subdivision 7 of section 15 of the Workmen's Compensation Law (Cons. Laws, ch. 67). From this award an appeal was taken by the insurance carrier and employer to the Appellate Division, where the same was affirmed (one of the justices dissenting). An appeal to this court followed.

The statute under which the award was made is as follows: " The insurance carrier shall pay to the state treasurer for every case of injury causing death, in which there are no persons entitled to compensation, the sum of one hundred dollars. The state treasurer shall be the custodian of this special fund, and the commission shall direct the distribution thereof."

By this enactment it is apparent the legislature intended in every case of injury causing death, in which there is no person surviving to whom an award can be made, that there shall be paid to the state treasurer the amount specified. (*Matter of State Industrial Commission* v. *Newman*, 222 N. Y. 363.) If the mother were dependent upon her son at " the time of the accident " (section 16, subd. 4) then she was entitled to have an award made to her, had she, within one year after his death, filed a claim therefor. The statute provides that " The right to claim compensation under this chapter shall be forever barred unless within one year after the accident, or if death results therefrom, within one year after such death,.

a claim for compensation thereunder shall be filed with the commission, but the employer and insurance carrier shall be deemed to have waived the bar of the statute unless the objection to the failure to file the claim within one year is raised before the commission on the hearing of a claim for compensation filed by the injured employee, or his or her dependents." (Section 28, L. 1918, ch. 634.)

She did not file a claim within one year and, therefore, is forever barred from enforcing a claim, unless the employer and insurance carrier see fit, in case a claim be filed, to waive the benefit of the statute.

The appellants contend, and such contention is the only question presented on the appeal, that if a claim be hereafter filed, it may be for the interest of the insurance carrier and employer to waive the statute and so long as that question remains open an award cannot be made to the state treasurer.

Upon the record before us I am of the opinion the contention is not well founded. The decision of the Appellate Division was not unanimous. The record, therefore, can be examined for the purpose of ascertaining whether there be any evidence that at the time of the decedent's death he left him surviving a dependent mother. (*Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435.) If he did, then the burden of proving that fact was upon the employer and insurance carrier. They offered no such proof. The record will be examined in vain to find *any* evidence that the deceased left him surviving a dependent mother. All that appears is that at the first hearing the representative of the insurance carrier stated (not under oath) he understood that to be so — which was no proof at all. It was a mere hearsay statement and nothing else. The hearing was adjourned, presumably for the purpose of enabling him to ascertain the fact and if so to offer proof of it. At the second hearing he stated (not under oath) that the deceased left him surviving a mother and brother, but he objected to an award on the

ground that a claim had not been filed within a year by any dependent.

This court has held that an award made under the Workmen's Compensation Law cannot be sustained on hearsay evidence uncorroborated by facts, circumstances or other evidence; that there must be evidence setting forth facts of a probative character outside of hearsay statements. (*Matter of Belcher* v. *Carthage Machine Co.*, 224 N. Y. 326; *Matter of Hansen* v. *Turner Construction Co.*, 224 N. Y. 331; *Matter of Carroll* v. *Knickerbocker Ice Co.*, *supra.*) The finding, therefore, that the deceased left him surviving a mother is without evidence to support it.

At the conclusion of the hearing the case was barren of anything to show that the deceased left any person dependent upon him to whom an award could be made, and for this reason the award to the state treasurer was proper. But even if it be assumed that the deceased did leave him surviving a mother who was dependent upon him for support, the same result follows. She did not file a claim within one year after the death of her son, and under section 28 of the statute before quoted, she was, at the time of the last hearing, absolutely barred from having an award made to her unless the employer and insurance carrier saw fit to waive the provisions of the statute with reference to filing such claim.

The only objection by the employer and insurance carrier to the award made to the state treasurer was that " no claim for compensation has been made by any person or persons entitled to make claim for compensation under the Workmen's Compensation Law " and also because of the alleged fact that the deceased received the injuries resulting in his death through the agency of a third person. On the argument of the appeal, however, the appellants make the additional objection to the award because the mother might sometime in the future file a claim as a dependent and an award could be made if they saw fit

to waive the bar of the statute. This was not the position taken by them at the hearing and if they intended to raise that question, then they should have there so indicated; in other words, they should have there taken a position which would estop them from thereafter taking advantage of the statute. Not having done so, they are not now in a position to raise that question.

I am of the opinion the award was properly made to the state treasurer.

The order appealed from should be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, POUND, CRANE and ANDREWS, JJ., concur; CARDOZO, J., absent.

Order affirmed.