NEW YORK STATE RAILWAYS *v.* SHULER, AS TREASURER OF THE STATE OF NEW YORK, ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 103.   Argued January 9, 1924.—Decided May 26, 1924.

Decided on the authority of *Sheehan Co.* v. *Shuler, ante,* 371. 233 N. Y. 681, affirmed.

ERROR to a judgment affirming an award under the New York Workmen's Compensation Law. The judgment was entered in the Supreme Court of New York after affirmances by the Appellate Division and the Court of Appeals and remittitur of the record.

*Mr. S. A. Murphy,* with whom *Mr. Robert E. Whalen* was on the brief, for plaintiff in error.

The compulsory payment of $900, prescribed by the statute under review, deprives the employer, without fault, of its property, in contravention of the due process clause of the Fourteenth Amendment. *New York Central R. R. Co.* v. *White,* 243 U. S. 188; *Mountain Timber Co.* v. *Washington,* 243 U. S. 219; *Middleton* v. *Texas Power & Light Co.,* 249 U. S. 152; *Arizona Employers' Liability Cases,* 250 U. S. 400; *Ball* v. *Hunt & Sons, Ltd.,* [1912] A. C. 496; *New York Central R. R. Co.* v. *Bianc,* 250 U. S. 596; *Ward & Gow* v. *Krinsky,* 259 U. S. 503.

The statute is not a reasonable exercise of the police power. *New York Central R. R. Co.* v. *White, supra; Mountain Timber Co.* v. *Washington, supra.*

The employer's enforced contribution of $900 to the rehabilitation fund will compensate neither McNamara, who has died, nor dependents of his, who do not exist, for the loss of earning power. It can be fairly regarded as nothing else than a penalty imposed, not for the benefit of the injured employee or his dependents, but as a levy

made upon the employer in furtherance of the rehabilitation of such employees of other employers as have been incapacitated in the course of hazardous work. No less arbitrary and unreasonable would be an enactment requiring a building contractor, should a structure in course of erection by him collapse, without resultant injury or death, to contribute $900 to a rehabilitation fund.

The subject of judicial inquiry, in such a case as this, is whether the statute under consideration " is arbitrary and unreasonable, from the standpoint of natural justice," *White Case,* at p. 202; or " so extravagant or arbitrary as to constitute an abuse of power." *Mountain Timber Case,* at p. 237. Such was the test applied in determining the validity of the Arizona Act. 250 U. S. 421–422, 426. As recently as in *Cudahy Packing Co. v. Parramore,* 263 U. S. 418, this Court examined the question whether the liability prescribed by the Utah Workmen's Compensation Act was imposed unreasonably, capriciously and arbitrarily.

How unreasonable, capricious and arbitrary was the action of the New York legislature in fixing $900 as the amount of the contribution compelled by the statute under review is demonstrated by the circumstance that, when it came to a general revision of the Workmen's Compensation Law, by c. 615, Laws of 1922, the compulsory contribution was changed to $500, a provision which is the subject of consideration in *Sheehan Co. v. Shuler,* to be argued herewith. See *ante,* p. 371.

There being no claim that any element of public health or of public safety is involved, and no real consideration of public welfare being presented, it follows that the act in question may properly be characterized as unreasonable and fundamentally unjust.

The compulsory payment denies to the employer the equal protection of the laws, in contravention of the Fourteenth Amendment.

Classification is not fairly made. It is only the employer whose deceased employee left no dependents that is singled out for involuntary contribution to the rehabilitation fund. Nothing but the fortuitous circumstance of absence of such dependents renders the employer liable to the exaction. *Gulf, Colorado & Santa Fe Ry. Co.* v. *Ellis,* 165 U. S. 150; *State* v. *Haun,* 61 Kans. 146; *Cotting* v. *Kansas City Stock Yards Co.,* 183 U. S. 79; *Bryant* v. *Lindsay,* 94 N. J. L. 357; affd. 96 N. J. L. 268.

No mere regulation of the relation of employer and employee is involved.

In sustaining the principle of compulsory workmen's compensation legislation, this Court, in the *White Case, supra,* and in the *Mountain Timber Case, supra,* dwelt upon the reciprocal advantages inuring to both employer and employee by the substitution, in the case of the employer, of a definite but limited liability for the uncertain hazards of a verdict, and by the substitution, in the case of the employee, of a moderate but ascertained compensation for the doubtful remedy of a law suit in which the common-law defenses of assumption of risk, contributory negligence and negligence of a fellow servant were available. Here, however, in exchange for the liability imposed, this employer gains no relief from an action at law.

The Chief Justice observed in *Truax v. Corrigan,* 257 U. S. 312, 339: "It seems a far cry from classification on the basis of the relation of employer and employee in respect of injuries received in course of employment to classification based on the relation of an employer, not to an employee, but to one who has ceased to be so." Is it not even a more distant cry to classification based on the relation of an employer to those beneficiaries of the rehabilitation fund who, in the vast majority of instances, have never been in his employ?

In the Washington statute involved in the *Mountain Timber Case* the principle of classification was observed to the extent of compelling an employer to contribute to the state fund only for the benefit of workmen of other employers engaged in the same class of occupation. 243 U. S. 219, 236–7, 241–2.

*Mr. E. Clarence Aiken,* Deputy Attorney General, with whom *Mr. Carl Sherman,* Attorney General of the State of New York, was on the brief, for defendants in error.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This case, which was heard with *Sheehan Co.* v. *Shuler,* No. 593, just decided, *ante,* 371, likewise involves the question of the constitutionality of the amendment to the Workmen's Compensation Law of New York relating to the creation of a special fund for the maintenance of employees undergoing vocational rehabilitation.

The only difference between the two cases in this respect is that the present case arose under the Laws of 1920, c. 760, by which the amendment (then constituting subdivision 8 of § 15 of the Compensation Law), required the employer to pay the sum of nine hundred dollars to this special fund, while the *Sheehan Company Case* arose under the Laws of 1922, c. 615, by which the amendment (changed to subdivision 9) reduced the required payment to five hundred dollars.[1] The provisions are otherwise identical.

In March, 1921, an employee of the New York State Railways sustained, in the course of his employment, accidental injuries resulting in his death. He left no survivors entitled to compensation. The State Industrial Board, in an appropriate proceeding, awarded the State

[1] See the opinion in the *Sheehan Company Case,* note 6, *ante,* p. 375.

Treasurer against the Railways, a " self-insurer ", the sum
of one hundred dollars, under subdivision 7 (now 8)[2] of
§ 15, for the total disability fund, and the sum of nine
hundred dollars, under subdivision 8 (now 9), for the re-
habilitation fund.  The Railways did not appeal from the
award under subdivision 7.  On successive appeals the
award under subdivision 8 was affirmed by the Appellate
Division of the Supreme Court and the Court of Appeals,
without opinions.  202 App. Div. 768; 233 N. Y. 681.
The record was remitted to the Supreme Court, to which
this writ of error was directed.

The Railways contend, as did the plaintiffs in error in
the *Sheehan Company Case,* that subdivision 8 (now 9)
of the Compensation Law and the award made there-
under, are in conflict with the due process and equal pro-
tection clauses of the Fourteenth Amendment.

This case is governed by the decision in the *Sheehan
Company Case.*  The difference in the amount of the re-
quired payment to the rehabilitation fund does not change
the result.  The amount required under the amendment
of 1920 was neither unjust nor unreasonable.  " The sum
fixed in the statute is not great, is not larger than could
readily be awarded, had the deceased left dependents.
There is no evidence  .  .  .   that the sum fixed is so
extravagant or arbitrary as to constitute an abuse of
power."  *Watkinson* v. *Hotel Pennsylvania,* 195 App.
Div. 624, 627.  And the aggregate of the required pay-
ments to the two special funds was then the same as that
subsequently required under the amendments of 1922;

---

[2] This subdivision then required the employer, under the Laws of
1916, c. 622, to pay into the total disability fund, in the specified
contingency, the sum of one hundred dollars; the amount being sub-
sequently increased, under the Laws of 1922, c. 615, to five hundred
dollars.  See the opinion in the *Sheehan Company Case, supra,* note
4, *ante,* p. 373.

there being merely a different apportionment between the two funds.

The judgment of the Court of Appeals is

*Affirmed.*