plaint alleged that thereafter plaintiff endeavored to relet the leased premises but was unable to do so, and it is sought to recover the rent reserved up to the time of the commencement of this action, under a subsequent clause of the lease reading: " In the event that this lease be ' terminated ' before the commencement of the term, as above provided, the landlord may, at the landlord's option, relet the leased premises, or any part or parts thereof, as the agent of the tenant * * *. In the event of re-entry or termination of this lease * * * the tenant shall remain liable until the time when this lease would have expired but for such termination for the equivalent of the amount of all the rent reserved herein, less the avails of re-letting * * *."

The following question was certified: " Does the first cause of action set forth in the amended complaint herein state facts sufficient to constitute a cause of action? "

*Stanhope Foster* for appellants.

*Winthrop A. Wilson* and *George E. Hite, Jr.,* for respondent.

Order affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, ANDREWS and LEHMAN, JJ. Dissenting: McLAUGHLIN and CRANE, JJ.

---

In the Matter of the Claim of the TREASURER OF THE STATE OF NEW YORK, Respondent, against NIAGARA FALLS POWER COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — election of dependent of workman killed in the course of his employment to proceed against third parties — when award properly made to State Treasurer.*

*Matter of Treasurer of State of New York* v. *Niagara Falls Power Co.,* 214 App. Div. 751, affirmed.

(Argued October 6, 1925; decided October 20, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial

department, entered May 12, 1925, unanimously affirming an award of the State Industrial Board, made under the Workmen's Compensation Law, to the State Treasurer for the death of an employee of the defendant Niagara Falls Power Company as the result of injuries received in the course of his employment. The widow and children of decedent elected to proceed against third parties for negligence and recovered more than the commuted value of their claim for compensation. The question was whether the State Treasurer was entitled to an award under subdivisions 7 and 8 of section 15 of the Workmen's Compensation Law.

  *F. A. W. Ireland* for appellants.

  *Albert Ottinger, Attorney-General* (*E. C. Aiken* of counsel), for respondents.

  Order affirmed, with costs; no opinion.

  Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of MAGDALENA KNITTLE, Respondent, against CASSIDY Co., INC., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — death of workman from sarcoma which developed from injury — notice to employer.*

  *Matter of Knittle* v. *Cassidy Co., Inc.,* 213 App. Div. 843, affirmed. (Argued October 6, 1925; decided October 20, 1925.)

  APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 23, 1925, modifying and affirming as modified an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant's husband died from sarcoma which developed from an accidental injury received in the course of his employment about sixteen months prior to his death. It was claimed that no notice of the particular injury from which sarcoma developed was given to the employer until seven or eight