PHŒNIX INDEMNITY COMPANY, Plaintiff, *v.* THE STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY, Defendant.

Second Department, October 1, 1928.

*Jeremiah F. Connor*, for the plaintiff.

*Gardner Prime*, for the defendant.

SEEGER, J. Plaintiff is a domestic insurance corporation. Defendant is a domestic railroad corporation. On and prior to February 24, 1927, Joseph Perroth was in the employ of one Anderson. Said Anderson, in compliance with the provisions of the New York Workmen's Compensation Law, had insured himself with plaintiff against liability for compensation for injury to his employees, including said Perroth. On February 24, 1927, while acting within the scope of his employment by said Anderson, said Perroth was struck by a train of the defendant, receiving injuries which caused his death solely by reason of the negligence of the defendant without any negligence of his contributing thereto. Said Perroth left him surviving a dependent, his widow. Prior to the institution of this action, the administratrix of said Perroth brought suit against defendant herein to recover damages for the death of said Perroth. Said suit was settled and discontinued before trial by the defendant therein, which is this defendant herein, paying to said administratrix a sum in excess of the amount which said dependent widow, Perroth, would have been entitled to by way of compensation if claim had been made by her, pursuant to the New York Workmen's Compensation Law, defendant receiving a general release therefor.

Thereafter, and prior to the institution of this action and pursuant to subdivisions 8 and 9 of section 15 of the New York Workmen's Compensation Law, two $500 awards were made in favor of the Treasurer of the State of New York jointly against said Anderson and plaintiff herein.

Subdivision 8 of said section 15 of the New York Workmen's Compensation Law provides among other things as follows: " The insurance carrier shall pay to the State Treasurer for every case of injury causing death in which there are no persons entitled to compensation the sum of five hundred dollars."

And subdivision 9 of said section 15 of the Workmen's Compensation Law provides among other things as follows: " The employer, or if insured, his insurance carrier, shall pay into the vocational rehabilitation fund for every case of injury causing

death, in which there are no persons entitled to compensation, the sum of five hundred dollars. The State Treasurer shall be the custodian of this special fund."

Said awards were paid by plaintiff to the State Treasurer December 27, 1927.

At the times mentioned, section 29 of the New York Workmen's Compensation Law provided as follows: " * * * In case of the payment of an award to the State Treasurer in accordance with subdivisions eight and nine of section fifteen such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment together with the reasonable funeral expenses and the expense of medical treatment which shall be in addition to any cause of action by the legal representatives of the deceased."

The questions submitted to this court for decision are:

I. Under the above facts, was the State Treasurer entitled to the awards made in his favor and paid by plaintiff, as stated above?

II. If the first question is answered in the affirmative, is plaintiff entitled to recover the amount of said awards from defendant by reason of section 29 of the New York Workmen's Compensation Law?

The defendant contends that the State Treasurer was not entitled to said awards for the reason that there was a person entitled to compensation at the time of the death of said employee within the meaning of the statute in question; that said words " no persons entitled to compensation " mean no persons entitled to compensation at the death of the deceased, and that the aforesaid provision of section 29 of the New York Workmen's Compensation Law, which gives to the insurance carrier liable for the award a cause of action for the amount of such payment in addition to any cause of action by the legal representatives of the deceased, takes the property of the defendant without due process of law and further violates the provisions of the State and Federal Constitutions guaranteeing equal protection before and under the law.

These provisions of subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law have been passed upon by the Court of Appeals in *Matter of Mc Namara* v. *New York State Railways* (233 N. Y. 681; affd., *sub nom. New York State Railways* v. *Shuler*, 265 U. S. 379). They have also been considered in *Matter of Treasurer of the State of New York* v. *Niagara Falls Power Co.* (241 N. Y. 521), a case quite similar to the one at bar, where it was held that an award should be made to the State Treasurer under subdivisions 7 and 8 of section 15 of the Workmen's Compensation Law. In *Matter of Zirpola* v. *Casselman,*

*Inc.* (237 N. Y. 367) the Court of Appeals discussed the effect of section 29 of the Workmen's Compensation Law, and reference was made to the very provision of the section under which the present controversy arises, the court (CARDOZO, J.) saying: " We are confirmed in this conclusion by a recent amendment which brings out into clear relief the meaning of the lawmakers. Since *Travelers Insurance Co.* v. *Padula Company* ▌ was decided, section 29 has been changed by the addition of the following provision: ' In case of the payment of an award to the State Treasurer in accordance with subdivisions nine and ten of section fifteen such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment together with the reasonable funeral expenses and the expense of medical treatment which shall be in addition to any cause of action by the legal representatives of the deceased.' Subdivisions 9 and 10 of section 15 are to the effect that ' the insurance carrier shall pay to the State Treasurer for every case of injury causing death, in which there are no persons entitled to compensation, [*i. e.*, to death benefits under the act] the sum of $500 ' (*Matter of State Treasurer* v. *West Side Trucking Co.*, 233 N. Y. 202). Even though there are no such persons, no dependents in the narrow sense, the cause of action of the legal representatives is not to be affected. Return to the employer or carrier of the payments made into the treasury is to be ' in addition to any cause of action by the legal representatives of the deceased.' The recognition of a cause of action as possible in such conditions is equivalent to the recognition of its existence for the benefit of next of kin." While the constitutionality of the provision now in question was not in issue in the *Zirpola* case, there is sufficient indication in the above quotations that the Court of Appeals had no doubt as to the propriety of this legislation.

In my judgment, the provisions of section 29 here involved should be upheld, and both questions submitted should be answered in the affirmative, and plaintiff should have judgment against defendant for the sum of $1,000, with interest from December 27, 1927, with costs.

YOUNG and KAPPER, JJ., concur; LAZANSKY, P. J., and CARS-WELL, J., concur in result.

Upon the agreed statement of facts it is adjudged that plaintiff have judgment against defendant for the sum of $1,000, with interest from December 27, 1927, with costs.