In the Matter of the Claim of EMILY A. SEGNIT (Mrs. GEORGE SEGNIT) and Another, Respondents, against WESTCHESTER COUNTY PARK COMMISSION and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 30, 1931.

*Fitch & Grant* [*Grant C. Fox* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General*, for the respondents.

HINMAN, J. Section 67 of the Civil Service Law (added by Laws of 1920, chap. 741, as amd. by Laws of 1929, chap. 421, § 8, in eSect April 9, 1929), relating to retirement of civil service employees, provides: " No person entitled to the payment of a pension or a death benefit under the provisions of this act shall

be entitled to a benefit under the Workmen's Compensation Law or any other law whatsoever, or any emolument or award or judgment paid from direct or indirect taxes."

George Segnit died on the 21st day of September, 1929, as the result of an accident arising out of and in the course of his employment, sustained the 20th day of September, 1929, while working for the Westchester County Park Commission. He was a member of the retirement system and his widow and children are receiving benefits therefrom. In view of that fact and of the provisions of section 67 of the Civil Service Law, *supra*, the State Industrial Board has found that the widow and children are barred from receiving an award for compensation under the Workmen's Compensation Law. An award has been made to the " Special Fund " and to the " Vocational Rehabilitation Fund " whose custodian is the Commissioner of Taxation and Finance (formerly State Treasurer) pursuant to subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law. Although compensation to the widow and children is denied, an award has been made payable to the widow for funeral expenses paid by her.

The employer and carrier appeal from both awards. An award was properly made under subdivisions 8 and 9 of said section 15. The Court of Appeals has held that by the enactment of these subdivisions " it is apparent the Legislature intended in every case of injury causing death, in which there is no person surviving to whom an award can be made, that there shall be paid to the State Treasurer the amount specified." (*Matter of State Treasurer* v. *West Side Trucking Company*, 233 N. Y. 202, 205.) It seems that payments must be made to the two special funds whose custodian is the Commissioner of Taxation and Finance though a person is in existence who would be entitled thereto if a claim had been filed within the proper time. (Id.; *Laird* v. *Sterling Oil Co.,* 207 App. Div. 878; *Breitinger* v. *Seus*, Id. 880.) The same is true if persons otherwise entitled to compensation have recovered damages under section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499) in excess of compensation (*Miller* v. *Rochester Gas & Electric Corp.*, 206 App. Div. 723); also though a person entitled claims benefits but dies before an award is made. (*Chrystal* v. *United States Trucking Co.*, 250 N. Y. 566.) Since the injury in this case caused death and " there are no persons entitled to compensation " (Workmen's Comp. Law, § 15, subd. 8, as amd. by Laws of 1927, chap. 493; Id. § 15, subd. 9, as amd. by Laws of 1926, chap. 261, and Laws of 1930, chap. 183) because the only persons who would be entitled thereto are receiving a pension or a death benefit under the State retirement system (Civil Service

Law, art. 4, added by Laws of 1920, chap. 741, as amd.) and thereby are not " entitled to a benefit under the Workmen's Compensation Law," an award to the two special funds whose custodian is the Commissioner of Taxation and Finance was justified under the foregoing authorities.

Authority for the award to the widow for funeral expenses, however, is lacking. This is a " benefit under the Workmen's Compensation Law " (Civ. Serv. Law, § 67), provided for by section 16, subdivision 1, of the Workmen's Compensation Law (as amd. by Laws of 1929, chap. 299). Reading these two statutory provisions together we fail to see how such an award for funeral expenses can be made to the widow who is receiving a pension or death benefit under the retirement system. Since the widow seems to have paid the undertaker, no award can be paid to him and no other person is entitled to be reimbursed.

The awards to the two special funds whose custodian is the Commissioner of Taxation and Finance should be affirmed. The award to the widow for funeral expenses should be reversed and the claim of the widow dismissed.

All concur.

Awards to Commissioner of Taxation and Finance affirmed, without costs. Award to the widow for funeral expenses reversed and claim of the widow dismissed, without costs.