## FEDERAL MUT. LIABILITY INS. CO. v. LOCKE, Deputy Commissioner.

### No. 4567.

District Court, E. D. New York.

Nov. 24, 1931.

Alexander, Ash & Jones, of New York City (Lawson R. Jones, Edward Ash, and Paul R. James, all of New York City, of counsel), for plaintiff.

Howard W. Ameli, U. S. Atty., and George H. Beaubian, Asst. U. S. Atty., both of Brooklyn, N. Y., for defendant.

CAMPBELL, District Judge.

This is a suit in equity brought by the plaintiff to review the compensation order of Jerome G. Locke, deputy commissioner of the United States Employees' Compensation Commission, for the Second Compensation District, which awarded payment by the plaintiff of $1,000 to the Treasurer of the United States.

The facts are as follows:

On November 9, 1927, Marcel Deveau, while in the employ of Russell Dry Docks, Inc., whose compensation is insured by the Federal Mutual Liability Insurance Company, received injuries from which he died.

Decedent left as a survivor his widow, Gertie Deveau, who was dependent upon him for support.

Within the proper time she filed with the deputy commissioner notice of election to pursue her remedy against Cornell Steamboat Company, the third party wrongdoer, claiming against the employer for any deficiency between the amount to be recovered from the said Cornell Steamboat Company, and the amount she would be entitled to under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950).

The action against the Cornell Steamboat Company was brought on for trial, and resulted in a verdict in the widow's favor for $10,000, with costs, which was affirmed on appeal, and there was paid on said judgment $11,016.48, which was largely in excess of $7,500, the amount the widow would have received under the provisions of the Compensation Act.

Subsequently, without hearing, the deputy commissioner, on September 16, 1929, made and filed the order which provided that the Russell Dry Docks, Inc., employer, and its carrier, Federal Mutual Liability Insurance Company, pay to the Treasurer of the United States $1,000, under the provisions of section 44 of the act (33 USCA § 944), on the ground that no persons were entitled to compensation.

A hearing and vacation of the deputy commissioner's order was applied for by the said Russell Dry Docks, Inc., employer, and its carrier, Federal Mutual Liability Insurance Company, before the order became final, on the ground that it was not in accordance with law.

Permission was granted to the employer and its carrier to present briefs or make argument, and this they did.

To the end that there might be no technical objection to an appeal from his order, if the employer and its carrier so desired, the deputy commissioner vacated and set aside his order of September 16, 1929, and substituted therefor his order of October 26, 1929, which was of the same tenor and effect, and this is the order which it is sought to review in this action.

The question here in dispute arises under the Longshoremen's and Harbor Workers' Compensation Act, now title 33, chap. 18, U. S. C. (33 USCA §§ 901–950).

So much as is necessary for consideration in the case at bar of section 44 of the original act, now title 33, § 944, U. S. C. (33 USCA § 944), reads as follows:

"(c) Payments into such fund shall be made as follows:

"(1) Each employer shall pay $1,000 as compensation for the death of an employee of such employer resulting from injury where the deputy commissioner determines that there is no person entitled under this chapter to compensation for such death. Fifty per centum of each such payment shall be available for the payments under subdivision (f) of section 908 of this chapter, and 50 per centum shall be available for payments under subdivision (g) of said section."

It is under the provision of this section that the order of the deputy commissioner sought to be reviewed was made.

Plaintiff contends that the order was not justified because there was a dependent, as a matter of fact, at the time of the employee's injury, and that section 909, subd. (f), title 33, U. S. C. (33 USCA § 909 (f), provides as follows: "(f) All questions of dependency shall be determined as of the time of the injury."

The deputy commissioner contends that the order in question was proper under section 944, supra; in that the test was whether there was a person entitled to compensation under the terms of the act.

No prior decisions on the question herein presented, in the federal courts, have been cited, and I have been unable to find any, but there are many decisions in the courts of the state of New York on this question, under the state statute, which is very similar. Workmen's Compensation Law of the State of New York, Laws of 1914, chap. 41 § 15, subdivision 8, as amended by Laws of 1922, chap. 615, constituting chapter 67 of the Consolidated Laws, and as amended by Laws of 1927, chap. 493.

The federal law in question, as was also the state law, was the expression of a humane purpose and a wise public policy, and the provision that, in the case of the death of an employee, leaving no one entitled to compensation, payment of the sum of $1,000, as in the federal law in question, into the Treasury of the United States, for the establishment of the funds for rehabilitation, is valid, and the sum so fixed does not conflict with section 1 of the Fourteenth Amendment of the Federal Constitution. Watkinson v. Hotel Pennsylvania, 195 App. Div. 624, 187 N. Y. S. 278, affirmed 231 N. Y. 562, 132 N. E. 889, mem.

The provisions of section 944 of the act in question, supra, are clear and unequivocal and require no strained construction.

The payment must be made where the deputy commissioner determines that there is no one entitled under this chapter to compensation for such death.

This means no one entitled under the law, although at the time of injury there may have been some one who was a dependent, as a matter of fact. Phoenix Indemnity Co. v. Staten Island R. T. Ry. Co., 251 N. Y. 127, 167 N. E. 194; Matter of State Treasurer v. West Side Trucking Co., 233 N. Y. 202, 135 N. E. 244; Matter of State Treasurer v. Niagara Falls Power Co., 241 N. Y. 521, 150 N. E. 538; Matter of Chrystal v. United States Trucking Corp., 250 N. Y. 566, 166 N. E. 326.

Clearly, there was no one entitled under the law to compensation in the case at bar, as the widow, under her election, had recovered from the wrongdoers much more than the compensation which might have been awarded to her, and therefore under the law could not have an award of compensation against the employer or its insurance carrier.

The plaintiff in the suit at bar contends that, inasmuch as the New York State Workmen's Compensation Law, § 29, gives the employer or insurance carrier a right of action against the wrongdoer, and the federal act in question gives no such right, the insurance carrier is penalized for this payment, and the wrongdoer escapes, and, if Congress had intended this situation, it would have given the insurance carrier the right of suit for the penalty as it did for the recovery over of compensation payments.

This contention, in my opinion, is not sustained, as the purposes sought to be accomplished by Congress were the same as by the New York State law, and have been stated by the United States Supreme Court and the Court of Appeals of the State of New York (New York Central R. R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629; Matter of Jensen v. Southern Pacific Co., 215 N. Y. 514, 109 N. E. 600, L. R. A. 1916A, 403, Ann. Cas. 1916B, 276), and therefore payment by the employer or carrier could properly be required, even though no right of subrogation or of recovery for such payment was given against the wrongdoers; and it was so decided with reference to the New York Workmen's Compensation Act of 1914, supra, in Matter of State Treasurer v. Sheehan Co., 206 App. Div. 726, 199 N. Y. S. 951, affirmed 236 N. Y. 579, 142 N. E. 291, affirmed sub nom. Sheehan Co. v. Shuler, 265 U. S. 371, 44 S. Ct. 548, 68 L. Ed. 1061, 35 A. L. R. 1056; N. Y. State Railways v. Shuler, 265 U. S. 379, 44 S. Ct. 551, 68 L. Ed. 1064 (all cases which arose prior to 1922), although the act was not amended to give a right to the employer or insurance carrier to recover from the wrongdoer the payment of such an award to the state treasurer, until the passage of chapter 615, Laws of 1922, which became a law July 1, 1922.

It thus appears that the order sought to be reviewed must be sustained and affirmed, even if no right to recover from the wrongdoer the $1,000 so required to be paid into the United States Treasury is given the employer or its carrier by law.

It is therefore unnecessary for me to construe title 33, section 933, subd. (c), U. S. Code (33 USCA § 933(c). But, while not so holding, it is difficult for me to discern the purpose of the last-quoted provision, unless it be to permit the employer and its carrier to recover from the third party wrongdoer the amount paid to the Treasurer of the United States, on the order of the deputy commissioner, in pursuance of the provisions of said section 944.

The word "compensation" in section 933 is apparently used in the same sense as in section 944 (c) (1), and not as the word is defined in section 902 (12) of the said title 33, U. S. Code (33 USCA).

A decree may be entered in favor of the defendant against the plaintiff, dismissing the complaint, with costs.

Submit proposed findings of fact and conclusions of law in accordance with this opinion, for the assistance of the court.