### FEDERAL MUT. LIABILITY INS. CO. v. LOCKE, Deputy Com'r.

### No. 412.

Circuit Court of Appeals, Second Circuit.
Aug. 4, 1932.

Alexander, Ash & Jones, of New York City (Lawson R. Jones and Edward Ash, both of New York City, of counsel), for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and George H. Beaubian, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for appellee.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Vernon S. Jones and Raymond Parmer, both of New York City, of counsel), for Bay Ridge Operating Co., as amicus curiæ.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This appeal is from a decree of the District Court dismissing the bill of complaint in a suit brought to review a decision of the deputy commissioner of the United States Employees' Compensation Commission who had made a compensation order directing payment of $1,000 to the Treasurer of the United States pursuant to section 44 (c) (1) of the Longshoremen's and Harbor Workers' Compensation Act, 33 USCA § 944 (c) (1).

On November 9, 1927, Marcel Deveau received fatal injuries while in the employ of Russell Dry Docks, Inc. He was survived by his widow, Gertie Deveau, who was dependent upon him for support. His employer was insured as to workmen's compensation by the complainant Federal Mutual Liability Insurance Company, termed in the statute the "carrier."

The widow filed with the deputy commissioner notice of an election to pursue her remedy against Cornell Steamboat Company, the third party which had caused Deveau's death. She recovered a judgment against Cornell Steamboat Company that was some $3,600 in excess of the maximum amount she could have obtained under the act. After this judgment was paid, the deputy commissioner made an order under date of September 16, 1929, providing that the employer and its carrier pay to the Treasurer of the United States $1,000, on the ground that no persons were entitled to compensation under the act and that in such a case that sum was so payable under section 44. It is the validity of this order that is now before us.

Section 44 of the act (33 USCA § 944) established in the Treasury a special fund for the purpose of making payments under section 8 (f) and (g), of the act (33 USCA § 908 (f, g), in certain specified cases. This fund was to be made up of fines and penalties collected under the act and the items of $1,000 which each employer must pay under section 44 (c) (1) "as compensation for the death of an employee * * * where the deputy commissioner determines that there is no person entitled under this chapter to compensation for such death." In the present case the deputy commissioner made such a finding, though Deveau left a widow who was entitled to compensation when his death occurred. Was the finding that there was no person entitled to compensation justified under a fair reading of the statute?

The finding was made on the theory that after the judgment against Cornell Steamboat Company was paid there was then no person entitled to compensation. Yet it seems clear that the words of section 44 (c) (1) requiring the payment of $1,000 into the special fund where the deputy commissioner determines "that there is no person entitled * * * to compensation" for the death of the employee relate only to cases where there is no such person when death occurs and when "questions of dependency" are determined under section 9 (f) of the act (33 USCA § 909 (f).

Section 33 of the act (33 USCA § 933) deals with cases where compensation is payable under the act and persons other than the employer are liable for the disability or death of an employee:

(1) Where the person entitled to compensation elects to receive it instead of suing the third person. Section 33 (a), 33 USCA § 933 (a).

(2) Where the person entitled to compensation elects to sue the third person. Section 33 (a).

(3) Where no person is entitled to compensation and $1,000 is payable into the special fund established by section 44 of the act as compensation for death of an employee.

Every case where a third person is affected by the provisions of the act seems to fall into one of the above categories. In (1), where compensation is payable to a dependent, and in (3), where it is payable into the special fund, the statute expressly makes the payment operate as an assignment to the

employer of the right to recover damages from the third party. If in either case the employer recovers more than the amount paid out under the Compensation Act to the dependent, or to the special fund, he must distribute the excess, after recouping his expenses, to the dependent or to the legal representative of the deceased, as the case may be. This shows that the provisions which make the payments operate as assignments to the employer are protective provisions to enable him so far as possible to transfer his liability for compensation to the person at fault for the injury. When section 44 (c) (1) required employers to pay $1,000 into the special fund in cases where there was "no person entitled ~ ' ~ to compensation,' it could hardly have referred to a dependent who was entitled to compensation had she chosen to take it, but had received full satisfaction from a third person. To regard the widow of Deveau as a person not "entitled to compensation" merely because she had been paid her damages is to disregard the assignment provisions of section 33 (c) of the act (33 USCA § 933 (c) and to give the employer no benefit from them. After Mrs. Deveau had collected her judgment, no claim remained against Cornell Steamboat Company for the assignment to operate upon. The satisfaction extinguished any claim against Cornell, and there was no basis for imposing a lien, because of the assignment provisions of section 33 (c), against any proceeds passing to Mrs. Deveau. Under section 33 (c) she had been given an election whether to recover compensation from the employer or to *recover damages* against the third person. It could never have been intended to reduce these damages by a compulsory contribution to the special fund.

It is to be observed that section 33 (c) confers upon an employer who pays $1,000 into the fund nothing more than the right of the legal representative of the deceased to recover damages against the third party. It is not like section 29 of the New York Workmen's Compensation Act (Consol. Laws, c. 67), where the employer is given a right to recover from the third person the amount of his payment into a fund in the hands of the state treasurer *"in addition to any cause of action by the legal representatives of the deceased."* There he can pass on this liability to the ultimate tort-feasor as a separate item. Here he can recover it, if at all, out of the cause of action of the legal representative of the deceased to which he is subrogated. In the case at bar that cause of action has been extinguished.

Section 44 (c) (1) should be interpreted as requiring payment of $1,000 into the special fund only in case there is "no person entitled * * * to compensation" at the time when dependency is determined—that is, at the time of the injury. This gives the words a reasonable meaning and makes the assignment effective. It may be said that, if the deceased had left a relative who could not obtain compensation as a dependent, but could bring an action to recover damages under Lord Campbell's Act, the employer would be no better off than under the ruling of the court below. But this is not so. In such circumstances, there would certainly be "no person entitled ~ ~ ~ to compensation" under the act, so that the employer would clearly be subrogated to the cause of action against the third person and given a right to recoup himself from any recovery for the $1,000 paid into the special fund, or would have a lien on the proceeds.

There is another difficulty involved in the interpretation of section 44 (c) (1) by the court below. Under section 33 (f) of the act (33 USCA § 933 (f) a dependent who elects to recover damages against a third person and recovers less than the amount determined to be due as compensation may compel the employer to pay the difference. Accordingly, if the dependent here had recovered from Cornell Steamboat Company $10 less than the amount of compensation payable under the act, the employer would only have to pay $10. But, when she has recovered more than the amount allowable as compensation, the employer has to pay $1,000 into the special fund upon the theory that there is "no person entitled * * * to compensation" within the meaning of section 44 (c) (1). Such results are grotesque.

It is argued that, because the act is largely founded on the New York Workmen's Compensation Law, we should treat decisions of the New York courts construing that law as authoritative where the provisions of the Longshoremen's act are similar. The New York Court of Appeals has sanctioned payments to the state treasurer under section 15 (9) of the New York law in situations like the one here, and has treated the case of a sole dependent who had lost the right to compensation as one in which there were "no persons entitled to compensation." Matter of State Treasurer v. West Side Trucking Co., 233 N. Y. 202, 135 N. E. 244; Matter of State Treasurer v. Niagara Falls Power Co., 241 N. Y. 521, 150 N. E. 538; Matter of Chrystal v. United States Trucking Corp.,

250 N. Y. 566, 166 N. E. 326; Phœnix Indemnity Co. v. Staten Island R. T. Ry. Co., 251 N. Y. 127, 167 N. E. 194, affirmed by U. S. Supreme Court, 281 U. S. 98, 50 S. Ct. 242, 74 L. Ed. 726.

The New York act originally contained no provisions whereby an employer who had paid money into the state treasury toward its special fund could recoup his loss from a third party through subrogation or otherwise. The payment was construed by the state courts as a contribution imposed by statute in cases where compensation was not *actually awarded* to a dependent. In 1922, section 29 of the act was amended (Laws 1922, c. 615, Consol. Laws, c. 67) so as to give the employer who had contributed to the fund the right to recover from a tort-feasor the amount of his payment and also the right to prosecute for his own benefit any cause of action belonging to the legal representative of the deceased. Assuming that we should follow the decisions of the New York courts as to the Compensation Law in matters where the acts are substantially alike, we cannot regard the provisions of section 44 (c) (1), when taken in connection with section 33 (c), as parallel to those of the state act. Before the amendment of section 29 of the New York law, the employer who paid into the special fund paid it for good and all. Pro tanto he was not protected by any right to recover over, but must irrevocably lose the amount of his contribution. This is different from the federal act which allows recovery against the third party, by subrogation, of any sums paid into the special fund where there is "no person entitled * * * to compensation." After the amendment of 1922, section 29 gave the employer a remedy over against a third party for any sum paid to the special fund, not merely an assignment or right of subrogation as in the federal act. As amended, it protected the employer in all cases unless the third party was insolvent.

The construction of the Longshoremen's Act adopted by the court below prevents the employer from recouping himself wherever a dependent has satisfied his claim against a third party, though in such cases the cause of action to which the employer is supposed to be subrogated under section 33 (c) is extinguished and no separate cause of action to recover the amount contributed to the special fund is given by the act. Such a construction, though more or less consistent with section 29 of the state act, where originally there was no recovery against a third party, and afterwards a separate recovery was given, defeats the purpose of section 33 (c) of the Longshoremen's Act. We think this a persuasive reason for holding that the construction of section 44 (c) (1) by the court below is incorrect.

The decree is reversed, and the cause remanded, with directions to grant the injunctive relief prayed for in the bill.