**BRANHAM, Deputy Commissioner of U. S. Employees' Compensation Commission for the Fourth District, v. TERMINAL SHIPPING CO. et al.**

**No. 5076.**

Circuit Court of Appeals, Fourth Circuit.

May 29, 1943.

Ward E. Boote, Chief Counsel, U. S. Employees' Compensation Commission, of Washington, D. C. (Bernard J. Flynn, U. S. Atty. and T. Barton Harrington, Asst. U. S. Atty., both of Baltimore, Md., and Herbert P. Miller, Associate Counsel, U.S. Employees' Compensation Commission, of Washington, D. C., on the brief), for appellant.

W. Hamilton Whiteford and Palmer R. Nickerson, both of Baltimore, Md. (Due, Nickerson & Whiteford, of Baltimore, Md., on the brief), for appellees.

Before PARKER, SOPER and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a proceeding brought in the District Court of the United States for the

District of Maryland, by the appellees, Terminal Shipping Company, employer, and Pennsylvania Threshermen and Farmers Mutual Casualty Insurance Company, insurance carrier, asking for a judicial review of a compensation order filed on July 20, 1942, by the deputy commissioner, appellant herein, in which he directed the employer and insurance carrier to pay to the Treasurer of the United States the sum of $1,000 pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S. C.A. § 901 et seq.

After a hearing the court below filed an opinion finding against the appellant and on November 27, 1942, entered a decree setting aside the compensation order. From this action this appeal was brought.

There is no dispute as to the facts, which were stipulated. As stated by the judge below in his opinion [47 F.Supp. 561, 563] they are as follows: "On June 11, 1940, James A. Thompson, while engaged in the performance of his duties as a stevedore for the Terminal Shipping Company (a stevedoring corporation) sustained fatal injuries on board the Brazilian Steamship 'Camamu' while lying in navigable waters at Baltimore. While working between decks, he was walking across the hatch when the boards fell from under him precipitating him into the lower hold of the vessel. From his injury he died the same day. He was survived by his mother who claimed to be dependent on him. No other next of kin made any claim. When notified of the mother's claim, the deputy commissioner apparently treated the mother as prima facie entitled to some compensation and this was not controverted by the employer, or its insurance carrier. On July 10, 1940 the mother, Sadie Thompson, filed notice with the deputy commissioner of her election under 33 U.S.C.A. § 933 'to pursue my remedy against a third party, to wit, the owner and operator of the Steamship "Camamu" but make claim for compensation for any deficiency between the amount so recovered and the amount provided by the said Act.' On July 13, 1940 the deputy commissioner advised counsel for the employer's insurance carrier (Pennsylvania Threshermen & Farmers Mutual Casualty Insurance Company) that the claimant had made this election, and in view of that 'no further action will be taken by this office until the outcome of the third party action has been concluded.'

Subsequently the mother as administratrix and individually, in due time sued the shipowner for damages in the United States District Court for the Southern District of New York, and on or about April 14, 1942 the suit was compromised and settled, without the written approval of the employer or its insurance carrier, by the payment of $8,500 to Sadie Thompson for the death of her son. As this recovery was in excess of the maximum compensation under the Act, the mother made no further claim to compensation. Thereafter, the employer, its insurance carrier and the deputy commissioner entered into a stipulation containing the above recited facts on which the deputy commissioner made a determination that there was no person entitled to compensation under the Longshoremen's & Harbor Workers Act for the death of the employee, and thereupon made an award and order for the payment by the employer or its carrier of $1,000 under section 944(c), 33 U.S.C.A. In due course the employer and its insurance carrier have filed this petition for review under section 921 (b), 33 U.S.C.A. which provides that the deputy commissioner's order may be set aside 'if not in accordance with law'."

The statutes under which the appellant made his order are:

Section 33(a) of the Compensation Law which provides: "If on account of a disability or death for which compensation is payable under this Act the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice, to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person."

Section 44(a), (c) (1) of the compensation law provides as follows:

"Sec. 44. (a) There is hereby established in the Treasury of the United States a special fund for the purpose of making payments in accordance with the provisions of subsections (f) and (g) of section 8 of this Act. Such fund shall be administered by the commission. The Treasurer of the United States shall be the custodian of such fund, and all moneys and securities in such fund shall be held in trust by such Treasurer and shall not be money or property of the United States."

\*　　\*　　\*　　\*　　\*

"(c) Payments into such fund shall be made as follows:

"(1) Each employer shall pay $1,000 as compensation for the death of an employee of such employer resulting from injury where the deputy commissioner determines that there is no person entitled under this Act to compensation for such death. Fifty per centum of each such payment shall be available for the payments under subdivision (f) of section 8 and 50 per centum shall be available for payments under subdivision (g) of section 8."

The court below held, that to properly construe these statutes, section 933(c) must be considered. Section 933(c) is as follows: "(c) The payment of such compensation into the fund established in section 944 of this chapter shall operate as an assignment to the employer of all right of the legal representative of the deceased (hereinafter referred to as 'representative') to recover damages against such third person, whether or not the representative has notified the deputy commissioner of his election."

It is contended on behalf of the appellant that the Longshoremen's Act was adopted from the New York Workmen's Compensation Law, Consol. Laws, c. 67, and that the New York decisions "are uniform in holding that the right to compensation is not a vested right accruing to dependents by reason of the death of the employee, but a right which may be established only by the means provided for by law. Wozneak v. Buffalo Gas Company, 175 App.Div. 268, 161 N.Y.S. 675; Casmey v. Parks' Sons, 229 N.Y. 623, 129 N.E. 933; Terry v. General Electric Company, 232 N.Y. 120, 133 N.E. 373."

It is further contended on behalf of the appellant that in construing the Longshoremen's Act the courts should follow the New York decisions citing: Employers' Liability Assurance Corporation v. Monahan, Deputy Commissioner, 1 Cir., 91 F.2d 130; Bethlehem Shipbuilding Corporation v. Monahan, Deputy Commissioner, 1 Cir., 54 F.2d 349; Luckenbach Steamship Co. v. Marshall, Deputy Commissioner, D.C., 49 F.2d 625; Mahony Co. v. Marshall, Deputy Commissioner, D.C., 46 F.2d 539; Hartford Accident & Indemnity Co. v. Hoage, Deputy Commissioner, 66 App. D. C., 154, 85 F.2d 411.

It is contended on behalf of the appellee that the Longshoremen's Act is materially different from the New York Compensation Law in the wording of Sec. 933(c) of the federal act and that this difference requires another construction of the Act from that given the New York law by the New York courts.

It is further contended on behalf of the appellees that, at the inception of the case, both the appellant and the appellees treated the mother as a dependent, entitled to compensation, and that the fact that she elected to pursue her remedy against a third party in no way changed her status as a claimant and the fact that she was allowed to make an election proved her status as a claimant entitled to compensation.

■ In a forceful and detailed discussion of the law involved the court below reached the conclusion that the contentions of the appellees were right and approved the reasoning of the Circuit Court of Appeals for the Second Circuit in the case of Federal Mutual Liability Insurance Company v. Locke, 60 F.2d 895, 896, where the court said: " * * * Yet it seems clear that the words of section 44(c) (1) requiring the payment of $1,000 into the special fund where the deputy commissioner determines 'that there is no person entitled * * * to compensation' for the death of the employee relate only to cases where there is no such person when death occurs and when 'questions of dependency' are determined under section 9(f) of the act (33 U.S.C.A. § 909(f))."

We are of the opinion that the reasoning and conclusion of the judge below are correct.

■ The disputed phrase "where the deputy commissioner determines that there is no person entitled under this chapter to compensation for such death" standing alone is ambiguous with respect to the time as of which the determination is to be made, that is, as of the time of the death of the employee or at the time when the deputy commissioner makes his determination.

In discussing this point the court below said:

"In considering what is the proper construction there must be kept in mind some of the history of compensation acts and the legal and social philosophy which underlies them and also the general scope and procedural provisions of the Longshoremen's Act. It is well known that the Longshoremen's Act of 1927 was patterned largely upon the New York Workmen's Compensation Law, Laws 1913, c. 816, Consol. Laws N.Y. c. 67, which was the pioneer in the

field of similar state statutes. It was held constitutional by the Supreme Court in New York C. R. Co. v. White, 243 U.S. 188, 37 S. Ct. 247, 61 L.Ed. 667, L.R.A.1917D, 1, Ann. Cas.1917D, 629. Numerous amendments have since been made in two of which we are particularly interested here, they being sections 15(8) and (9) which now represent amendments thereto made in 1922. Those sections in the New York law are generally comparable in purpose and phraseology to the present provision of section 944(c) (1) 33 U.S.C.A., § 44(c) (1), of the Longshoremen's Act, which itself has been held constitutional in many federal decisions of which Crowell v. Benson, 285 U.S. 22, 52 S. Ct. 285, 76 L.Ed. 598, is the leading case. On familiar principles of statutory construction decisions of the New York courts construing particular provisions of the New York Act, rendered before the passage of the federal act, are generally followed by federal decisions construing similarly worded provisions of the federal statute. Met. R. R. Co. v. Moore, 121 U.S. 558, 572, 7 S. Ct. 1334, 30 L.Ed. 1022; Hartford A. & I. Co. v. Hoage, Dep. Com'r, 66 App. D.C., 154, 85 F.2d 411, 413; Employers Lia. Assur. Corp. v. Monahan, 1 Cir., 91 F.2d 130, 132; Twin Harbor S. & T. Co. v. Marshall, 9 Cir., 103 F.2d 513, 516. The phrase in section 15 (8) of the New York Act stating the condition for the payment by the employer into the special fund reads: 'The employer, or if insured, his insurance carrier, shall pay into such special fund for *every* case of injury causing death *in which there are no persons entitled to compensation* the sum of $500.' (Italics supplied). In Sheehan Co. v. Shuler, 265 U.S. 371, 44 S.Ct. 548, 68 L.Ed. 1061, 35 A.L.R. 1056, and New York State Rys. v. Shuler, 265 U.S. 379, 44 S.Ct. 551, 68 L.Ed. 1064, these sections of the New York law were attacked as unconstitutional largely because they required the employer to make payments into the fund for the benefit of the employees of other employers; but the court held the provision constitutionally valid. Both these cases involved situations in which the deceased employee left no dependents. The New York Act originally contained no provision for the subrogation of the employer to recoup the payment made into the special fund from a third party liable for the employee's death. The New York courts construed the required payment as a provision imposed by statute in all cases where compensation was not *ac-*

*tually awarded* to a dependent. But in 1922, section 29 (Laws 1922, c. 615, Cons. Laws, c. 67) of the New York Act was amended to give the employer the right of subrogation. The amendment created a new and special cause of action by the employer against the tort-feasor which was expressed to be 'in addition to any cause of action by the legal representatives of the deceased.' In Phoenix Indem. Co. v. Staten Island Rapid Transit Ry. Co., 224 App.Div. 346, 230 N.Y.S. 747, affirmed 251 N.Y. 127, 167 N.E. 194, the New York courts held this statutory additional cause of action against the tort-feasor valid and enforceable, and the United States Supreme Court affirmed the conclusion holding that the statute was free from federal constitutional objection (Staten Island Rapid Transit Ry. Co. v. Phoenix Indemnity Co., 281 U.S. 98, 50 S.Ct. 242, 74 L.Ed. 726). The facts of the case were substantially similar to those in the instant case. It will be noted, however, that section 29 of the New York Act is materially different from section 933(c) of the federal act. The former provides an *additional* cause of action in favor of the employer; while the latter merely assigns to the employer an existing cause of action.

"Numerous other New York cases, some decided before and some after the passage of the federal act, have construed and applied sections 15(8) and (9) to the effect here contended for by the deputy commissioner. Thus it has been held that the payment into the special fund must be made where the deceased employee leaves surviving persons entitled to compensation if they did not in fact properly make and prosecute their claim for compensation in accordance with the procedure outlined in the statute. State Treasurer v. West Side Trucking Co., 198 App.Div. 432, 233 N.Y. 202. And the same result obtains where the claimant for benefits dies before an award is made. Chrystal v. United States Trucking Corp., 250 N.Y. 566, 166 N.E. 326; Barrett v. Burnett, 262 N.Y. 670, 188 N.E. 114. And the same rule has been applied where a person otherwise entitled to compensation recovers damages from a third person liable in excess of compensation. State Treas. v. Niagara Falls Power Co., 241 N.Y. 521, 150 N.E. 538; Miller v. Rochester G. & E. Corp., 206 App.Div. 723, 199 N.Y.S. 936; Staten Island Rapid Transit Ry. Co. v. Phoenix Co., *supra.* And in federal decisions on the Longshoremen's

Act the employer has been required to make the $1,000 payment into the special fund where the widow of the deceased employee who was otherwise entitled to compensation, failed to file a claim with the deputy commissioner within the year allowed by section 913 of the Act (Employers Lia. Assur. Corp., Ltd. v. Monahan, 1 Cir., 91 F.2d 130); and also where the employee was survived by his wife who, however, died within a few months before an award was made in her favor. Suckowski v. Norton, D.C.Pa., 16 F.Supp. 677.

"But the only federal decision dealing with the situation that is here involved, where a dependent otherwise entitled to compensation recovers a larger sum than the amount of allowable compensation from a third party liable, is Federal Mutual Liability Ins. Co. v. Locke, 2 Cir., 60 F.2d 895. In that case, where the facts were in all material respects similar to those of the instant case, the court held that construing section 944(c) (1), 33 U.S.C.A., in connection with section 933(c), the reasonable construction of the former section is that to make the payment obligatory the deputy commissioner must determine that there was no person entitled to compensation at the time when dependency is to be determined, that is, at the time of the death of the employee. And in this connection attention was called to section 909 (f) which provides that 'all questions of dependency shall be determined as of the time of the injury.' The court compared section 29 of the New York law with section 933(c) of the Longshoremen's Act and noted the material legal difference in effect between the two, and therefore held the New York cases above referred to inapplicable to the proper construction of section 944(c) (1) of the Longshoremen's Act. It was pointed out that any other construction than that adopted in the particular case would render section 933(c) entirely ineffective, and indeed would lead to very unequal and inequitable results in administration. For instance, as the opinion notes, if the person entitled to compensation recovers from the third person liable $10 less than allowable compensation, the deficiency should be awarded as compensation under the Longshoremen's Act, and in that event, on any construction, there could be no required payment of the $1,000 into the fund. Certiorari was not applied for in the Locke case. In a later case in the first circuit;

Employers' Lia. Assur. Corp. v. Monahan, supra, it was distinguished but not disapproved. In Swofford v. International M. M. Co. 72 App.D.C. 225, 113 F.2d 179, 181, it was mentioned with possible implied approval."

\* \* \* \* \*

"As the only right of action here existing against the third person liable is a single one, and has been exhausted by the primary right of election exercised by the only claimant, it necessarily follows that there is nothing that could be effectively assigned to the employer to give him recoupment for the $1,000 payment into the special fund, and as it is clear that it was the intention of Congress to give him this subrogated right against the third person liable, it necessarily follows that where he cannot effectively have the right, he is not required to make the payment into the special fund."

In the Locke case, supra, the decision of the court was unanimous, while in the Monahan case, supra, there was a dissent by Judge Morton who said [91 F.2d 133]: "The intention of the act clearly is that, when an employee who is accidently killed leaves no dependents, his employer shall pay into the special fund the sum of $1,000 in the nature of a penalty. But I find no suggestion that the failure of an injured employee or his dependents to exercise their rights under the act should inure to the benefit of the United States. An intention so contrary to the general policy of all such legislation would, if it had been held, have been more clearly expressed. While the federal act was based on the New York statute, the particular provisions on this point are by no means the same. I agree with the views expressed in the opinion in the Locke case."

It is not to be presumed that Congress intended in enacting the Longshoremen's Act that the question of whether there was any person entitled to compensation should be determined by any act of a dependent, such as the election of the mother in this case, or in any way other than by considering the facts that existed at the time of the injury to the employee.

The award made by the deputy commissioner was not in accordance with the law and the court below was right in setting it aside.

Affirmed.